432 So.2d 628 (1983)
Frederick Thomas CIROU and Holyoke Mutual Insurance Company, Appellants,
v.
Joseph BASLER, the Miami International Boat Show, Inc., the City of Miami Beach and All Star Security Services, Inc., Appellees.
Nos. 82-348, 82-816.
District Court of Appeal of Florida, Third District.
May 31, 1983.
Floyd, Pearson, Stewart, Richman, Greer & Weil and David W. Bianchi, Frates & Novey, Adams, Ward, Hunter, Angones & Adams and Frank Angones, Miami, for appellants.
Dixon, Dixon, Hurst & Nicklaus and William R. Wicks, III and Thomas Hurst, Anderson and Moss, Daniels & Hicks and Patrice A. Talisman, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellee/Cirou was a patron at a Miami Beach Convention Center exhibit sponsored by defendant, Miami International Boat Show, Inc. The show had an internal rule which prohibited exhibitors from selling wares on the floor. In violation of that rule, one of the exhibitors sold to plaintiff a boxed tube of metal polish and gave him a receipt as proof of purchase. As plaintiff attempted to leave the building with the purchased item in hand, he was confronted by Nancy Farrah, vice-president of defendant, All Star Security. It became obvious to Farrah that plaintiff was not going to *629 remain in the convention center while she conducted an investigation, so she called defendant/Lieutenant Basler for assistance using a two-way radio. Lieutenant Basler arrived promptly. The evidence after that point is, in most respects, wildly conflicting.
Cirou commenced this action claiming that he was unlawfully detained, dragged into a back room, and physically beaten because he refused to remain on the convention premises or to go with Basler into a back room for the purpose of explaining the circumstances of his possessing goods which were on exhibition. Lieutenant Basler counter-claimed alleging assault and battery, and negligence by Cirou in resisting arrest which caused injury to Basler.
After a five-day jury trial, the court directed a verdict for all the defendants on all counts of the complaint and granted a directed verdict on all counts of the counterclaim except the negligence claim. The jury swiftly returned with a verdict for plaintiff on the counterclaim. Defendant/counterplaintiff's motion for a new trial was granted.
This appeal challenges the granting of a directed verdict in favor of all the defendants and the granting of a new trial on the negligence count of the counterclaim.[1]
Where there was evidence tending to support the plaintiff's claim for battery owing to the use of excessive force in effecting an arrest,[2] even though conflicting and susceptible to different inferences, the case should have been submitted to the jury and not passed upon by the judge as a matter of law. Hendricks v. Dailey, 208 So.2d 101 (Fla. 1968); Dandashi v. Fine, 397 So.2d 442 (Fla. 3d DCA 1981); Behar v. Root, 393 So.2d 1169 (Fla. 3d DCA 1981). There was also evidence which tended to show that Lieutenant Basler was an employee of the Boat Show and that the Boat Show was vicariously responsible for his conduct. The evidence further suggests, although weakly, that Lieutenant Basler was acting within the scope of his regular employment as a City of Miami Beach police officer when he arrested Cirou. The existence of an agency relationship is ordinarily a question to be determined by the jury as an issue of fact. Scott v. Sun Bank of Volusia County, 408 So.2d 591 (Fla. 5th DCA 1981); Amerven, Inc. v. Abbadie, 238 So.2d 321 (Fla. 3d DCA 1970). For the same reason it was error to direct a verdict on the battery claim; it was also error to decide as a matter of law that Basler was an independent contractor.
The order granting a new trial on the defendant/Basler's counterclaim fails to set forth express reasons which will support the finding that the verdict is against the manifest weight of the evidence as is required. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980). Nevertheless, we have reviewed the record and find that it fails to affirmatively demonstrate an impropriety of the verdict. To the contrary, the jury verdict on defendant's counterclaim for negligence is amply supported by the evidence; thus, it constituted an abuse of discretion to grant a new trial. Laird v. Potter, 367 So.2d 642 (Fla. 3d DCA 1979).
There was not the slightest evidence tending to prove that All Star's agent, Nancy Farrah, assaulted or battered the plaintiff. The directed verdict for the defendant/All Star Security Services, Inc. was therefore mandated. Swilley v. Economy Cab Co. of Jacksonville, 56 So.2d 914 (Fla. 1951).
Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] There is no cross-appeal by Basler from the granting of a directed verdict on the count of the counterclaim based on assault and battery.
[2] The cause of action for "negligent detention", which set forth the elements of a false imprisonment, was, for unexplained reasons, abandoned during the course of trial.