DOWNEY, Judge.
Appellee Kroll Realty, Inc., sued appellant American United Incorporated and ap-pellee Richard Van Roo to recover a real estate brokerage commission. From a jury verdict and judgment in favor of Kroll and against American, American has perfected this appeal.
*218 Factually, Kroll contends that it obtained an open real estate listing from American through American’s agent, Van Roo, to sell a parcel of property known as Village Green Apartments for the sum of 3.2 million dollars and that Kroll produced a purchaser, Peter Fundaro, who was ready, willing, and able to purchase on the terms and conditions of the listing, but American refused to close allegedly because the property was being taken off the market; however, within eight weeks thereafter American sold the property to a group of which Fundaro was a principal on terms not substantially different from those of the contract Kroll had earlier submitted to American with Fundaro as the purchaser.
Kroll sued American alleging breach of contract and quantum meruit. It also sued Van Roo for fraud and misrepresentation and tortious interference with a business relationship. American answered denying the listing or the production of a purchaser ready, willing, and able and contending that Van Roo lacked authority to bind American. By way of cross-claim American sued Van Roo for contribution, negligent listing of the property, and for fraudulently misrepresenting that he alone secured the purchaser of the property.
American poses four appellate questions to demonstrate reversible error. The first question suggests error in allowing four exhibits into evidence.
During the course of the case presented by defendant-appellee Van Roo, he offered and the court received into evidence four exhibits: 1) a rent schedule for the Village Green Apartments; 2) a collective exhibit of four letters written at the instruction of the president of American by Van Roo to four individuals who had inquired about the sale of the apartments; 3) two letters from the vice-president of American responding to inquiries about the apartments; 4) a letter used to show the property was taken off the market at American’s instruction and not by Van Roo.
American contends here that admission of those exhibits prejudiced its case because they had not been divulged previously during discovery or on pretrial statements. Kroll and Van Roo respond that American has not demonstrated reversible error in its first point because (a) American may not here question the admissibility of the first three exhibits on violation of discovery rules grounds since American did not at trial object to their admission on those grounds, and (b) the admission of the fourth exhibit was, at worst, harmless error because that exhibit was cumulative to the other three. We agree. American’s failure to raise at trial the objections it raises here precludes us from considering those objections. North v. State, 65 So.2d 77, 82 (Fla.1953). Any error in admitting exhibit four was harmless. See C.S., Jefferson Disposal Co., Inc. v. Green, 311 So.2d 785 (Fla. 3d DCA 1975).
The second question posed by American has to do with the use of Peter Funda-ro’s deposition by Kroll when it was clear that Fundaro was present within 100 miles of the court, had been subpoenaed, and had notified counsel he would be present.
When it came time for Kroll to present Fundaro as one of its witnesses, Fundaro was not present. During the colloquy that followed, counsel for Kroll advised the court he had conversed with Fundaro that morning and been assured Fundaro would respond to the subpoena and be present at 1:30 that afternoon. The trial judge allowed Kroll to proceed with the reading of Fundaro’s deposition. Shortly after the reading of the deposition Fundaro arrived. Under the circumstances, in order to interrogate Fundaro further, American called him as its witness.
Without plumbing the various aspects of the trial court’s decision to allow Kroll to go forward with the witness’s deposition, we are unable to find wherein the trial court’s action prejudiced American. It is contended by American that it was forced to call Fundaro as its witness and that prejudiced its case. Initially, we note that no one forced American to call Fundaro and American did not show in the trial *219 court nor here in what way it was prejudiced.
American’s final two points are that the trial court refused to direct a verdict for American because Kroll failed to prove that it produced a purchaser ready, willing, and able to buy or that the property was sold as a result of continuous negotiations between Kroll and the purchaser.
The evidence Kroll adduced was sufficient to support submission of the case to the jury. Kroll contacted the president of American and obtained some preliminary information about the Village Green Apartments, including the purchase price. Kroll then wrote American to obtain further information, which was eventually furnished by Van Roo. Armed with this information, Kroll advertised the property, which resulted in interesting Fundaro. After working with Fundaro regarding the property, Kroll was able to obtain a signed deposit receipt agreement, which it forwarded to American. Ten days later Van Roo advised Kroll by letter that the property had been taken off the market but assured Kroll if there was any change in the status of the property Kroll would be contacted. Eight weeks later, without a word from American, the property was sold to a group in which Fundaro was a principal.
American contends in its brief that the contract Kroll furnished contained conditions not within the listing and thus Kroll did not produce a purchaser ready, willing, and able. Furthermore, American argues that the ultimate sale to Fundaro was not the result of continuous negotiations by Kroll.
We reject those arguments for two reasons. First, the comparison of contracts relevant here is the first Fundaro contract presented by Kroll and the terms of the ultimate purchase. The terms do differ somewhat but not so substantially as to take this case out of the general rule. Secondly, the general rule is that when a broker brings a seller and purchaser together it ill behooves the seller to later contend the broker did not bring about the sale when the broker is effectively excluded from such negotiations. First Realty Corp. v. Standard Steel Treating Co., 268 So.2d 410 (Fla. 4th DCA 1972). The trial court did not err in denying the motion for directed verdict.
The judgment appealed from is affirmed.
AFFIRMED.
DELL and WALDEN, JJ., concur.