FERGUSON, Judge
(dissenting in part).
On point (a) the question is, more precisely, whether the fact that Shirley Richter Landwirth (one of the owners of the jointly held property) did not participate in the negotiations for a brokerage agreement establishes conclusively that her two brothers were not authorized to act on her behalf and that, therefore, no oral agreement was ever consummated with appellants.
According to the evidence at trial, the brothers showed the property to prospective purchasers and represented that they had authority to deal on the sister’s behalf. In particular, one of the brothers told appellants that he was dealing for his sister and brother and that he represented the family. Various meetings and negotiations between the brothers and appellants further supported appellants’ belief that the brothers had authority to act for the sister. When the property was subsequently sold, only one brother executed the contract for sale. Although the sister did not sign the contract, she appeared at the closing on the sale of the property. Finally, the sister never denied the existence of authority in her brother to contract on her behalf.
The authority of one to act as an agent for another in entering into an agreement for the sale of land may be implied from acts, conduct, and circumstances, including the relations of the parties. Smith v. Shackleford, 92 Fla. 731, 110 So. 358 (1926); Rushing v. Garrett, 375 So.2d 903 (Fla. 1st DCA 1979). Unless the evidence is susceptible of but one reasonable interpretation, the question of whether an agency relationship exists is for the jury. Cirou v. Basler, 432 So.2d 628 (Fla. 3d DCA 1983), and cases cited therein. Here, the issue of agency should not have been taken away from the jury and decided as a matter of law because the evidence, although susceptible to different inferences, supported appellants’ theory of the case, thereby precluding a directed verdict. See Dandashi v. Fine, 397 So.2d 442 (Fla. 3d DCA 1981).
The pertinent facts relative to point (b) are that appellants as brokers, in August, 1977, brought to appellees a prospective purchaser named Vegas who expressed an interest in appellees’ offer to sell their property for $1,000,000, out of which a 10% commission was to be paid to the broker. Vegas subsequently said he was no longer interested in the property. Less than two months later appellees sold the property to Sedunum Corporation, N.V., an entity formed by Vegas for the purpose of buying *360 the same property, and in which corporation Vegas held a 16%% interest. The sale price was $900,000 — the original offering price less the 10% which would by terms of the alleged agreement have been owed as a commission. In directing a verdict against appellants, the trial court ruled that even if there had been a listing agreement (the issue presented in point (a)) there was not even “a scintilla of evidence” that Vegas was acting on behalf of Sedunum Corporation. I think that the facts just stated alone constitute more than a scintilla of evidence and at the least presented a jury question. See American United, Inc. v. Kroll Realty, Inc., 443 So.2d 217 (Fla. 4th DCA) (evidence that broker produced ready, willing, and able purchaser, and property was later sold to business entity in which purchaser was a principal, was sufficient to support submission to jury of issue of brokerage commission).