529 So.2d 774 (1988)
RICHARD SWAEBE, INC., Appellant,
v.
SEARS WORLD TRADE, INC., etc., Appellees.
No. 87-340.
District Court of Appeal of Florida, Third District.
July 26, 1988.
As Corrected August 30, 1988.
*775 Ress, Gomez, Rosenberg, Howland & Mintz and Sheldon Rosenberg, for appellant.
Coll, Davidson, Carter, Smith, Salter & Barkett and Vance E. Salter and Michael J. Higer, for appellees.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
Swaebe appeals a directed verdict entered in favor of the defendant after presentation of its case-in-chief. We reverse and remand for a new trial.
Swaebe brought an action for recovery of brokerage commissions due from Sears, an American importer, for the procurement of aluminum ore. At the close of the plaintiff's case, Sears convinced the trial court that it was entitled to a directed verdict because the undisputed evidence demonstrated that Swaebe had acted as an agent for both the Venezuelan suppliers of the ore and the purchaser, Sears, without full disclosure to either. Although we acknowledge the existence of such evidence, we also find there was evidence that plaintiff acted solely as a seller. These conflicting representations of an agency relationship presented a question of fact which should have been resolved by the trier of fact. Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla. 1986); Cirou v. Basler, 432 So.2d 628 (Fla. 3d DCA 1983). It is improper for a trial court to direct a verdict for a defendant unless it is clear that no evidence has been adduced which, in law, would support a verdict for the plaintiff. Whitman v. Red Top Sedan Serv., Inc., 218 So.2d 213, 215 (Fla. 3d DCA), cert. denied, 225 So.2d 537 (Fla. 1969).
Reversed and remanded for a new trial.