573 So.2d 1036 (1991)
SCANDINAVIAN WORLD CRUISES (BAHAMAS) LTD., and Trans-American Services, Ltd., a Foreign Corporation, Appellants,
v.
Josephine BARONE, Appellee.
No. 89-2903.
District Court of Appeal of Florida, Third District.
February 5, 1991.
*1037 Mitchell, Horr, Hurley & McAlpin and Jonathan W. Skipp, Miami, for appellants.
Carlos E. Casuso, Miami, for appellee.
Before HUBBART, NESBITT and GODERICH, JJ.
PER CURIAM.
We affirm the order granting a new trial for the plaintiff in this slip-and-fall negligence action upon a holding that (1) the order under review specifies with particularity the ground upon which the new trial was granted, namely, that the trial court's sua sponte bifurcation of the issues of liability and damages prejudiced the plaintiff on the issue of liability because evidence that the plaintiff suffered an organic brain injury as a result of the accident sued upon was necessarily excluded at the liability trial, which evidence was necessary to explain certain confusing and inconsistent testimony of the plaintiff, including a glaring inconsistency as to where the plaintiff had slipped and fallen on the defendant's cruise ship, Fla.R.Civ.P. 1.530(f); see Prime Motor Inns, Inc. v. Waltman, 480 So.2d 88 (Fla. 1985); and (2) the trial court did not abuse its discretion in granting the new trial below because the stated ground for the new trial constitutes a proper basis for same and said ground is fully supported by the record below. Baptist Memorial Hosp., Inc. v. Bell, 384 So.2d 145 (Fla. 1980); Castlewood Int'l Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975).
Affirmed.