614 So.2d 6 (1993)
Regina A. KOBEL and James E. Kobel, Appellants,
v.
Marc I. SCHLOSSER, M.D., Marc I. Schlosser, M.D., P.A., Richard E. Kowalsky, M.D., and Richard E. Kowalsky, M.D., P.A., Appellees.
No. 92-0445.
District Court of Appeal of Florida, Fourth District.
February 10, 1993.
Rehearing/Clarification Denied March 17, 1993.
William deForest Thompson, Jr., of William deForest Thompson, P.A., Fort Lauderdale, and Philip M. Burlington, of Edna L. Caruso, P.A., West Palm Beach, for appellants.
Jeffrey C. Fulford of Bobo, Spicer, Ciotoli, Fulford, and Bocchino, P.A., West Palm Beach, for appellees-Richard E. Kowalsky, M.D., and Richard E. Kowalsky, M.D., P.A.
HERSEY, Judge.
In this appeal from a Final Judgment based upon an order granting summary judgment, we reverse. At issue before the trial court was an allegation in a complaint that a medical doctor, Marc Schlosser, and his professional association were liable for medical malpractice. It was further alleged *7 that Schlosser "was acting as an agent, servant, employee and/or apparent agent of ... the Defendant, Kowalsky, P.A." The summary judgment resolved this issue adverse to appellants' interests by finding no liability on the part of Richard E. Kowalsky, M.D., P.A.
The issue of agency (and apparent agency) is ordinarily a question of fact to be determined by the jury. See, e.g., Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491, 494 (Fla. 1983); Richard Swaebe, Inc. v. Sears World Trade, Inc., 529 So.2d 774, 775 (Fla.3d DCA 1988) (conflicting representations of the existence of an agency relationship presents a question of fact and should be submitted to the trier of fact); Jaar v. University of Miami, 474 So.2d 239, 242 (Fla.3d DCA 1985) (same), rev. denied, 484 So.2d 10 (Fla. 1986).
The determination of an agency relationship can be resolved by summary judgment only when the evidence is capable of just one interpretation. See Blue Cross/Blue Shield of Florida, Inc. v. Weiner, 543 So.2d 794, 797 (Fla. 4th DCA), rev. denied, 553 So.2d 1164 (Fla. 1989), cert. denied, 494 U.S. 1028, 110 S.Ct. 1475, 108 L.Ed.2d 612 (1990); Folwell v. Bernard, 477 So.2d 1060 (Fla.2d DCA 1985), rev. denied, 486 So.2d 595 (Fla. 1986); Jaar, 474 So.2d at 242.
While it was appellants' burden to prove the agency relationship as the party alleging that relationship, see Pinon v. International Harvester Co., 390 So.2d 154 (Fla. 3d DCA 1980), it remained appellee's burden to prove the absence of material fact issues as the summary judgment movant. See, e.g., Parker v. Dinsmore Co., 443 So.2d 356, 358 (Fla. 1st DCA 1983).
We find that this latter burden has not been met by defendant Kowalsky, P.A., and we therefore reverse and remand for further appropriate proceedings.
REVERSED AND REMANDED.
LETTS and DELL, JJ., concur.