KAHN, Judge.
Joseph McDonough seeks review of a summary final judgment in which the trial court found as a matter of law that McDon-ough was obligated to pay damages and attorney’s fees under a promissory note in favor of appellee First Coast Community Bank (First Coast). We reverse.
First Coast brought this action in a straightforward manner, alleging execution, delivery, and subsequent default on McDonough’s part, of the subject promissory note. McDonough filed an answer and affirmative defenses. He alleged that he executed the note pursuant to certain express representations made to him by an agent of First Coast, that he relied upon such representations to his detriment, and that First Coast was therefore equitably estopped from collecting on the note. Mc-Donough further alleged that First Coast negligently failed to disclose material financial information to him with regard to the business transaction of which the subject note played a part, and that owing to First Coast’s superior knowledge of such financial information, First Coast should be equitably estopped from maintaining this action. For a final affirmative defense, McDonough alleged that First Coast procured the note in furtherance of a violation of the Federal Securities Act of 1933.
In support of its motion for summary judgment on the note, First Coast filed the affidavit of its president, Mr. Townsend. In this affidavit Mr. Townsend recited Mc-Donough’s execution and subsequent default upon the note. Townsend further recited the total amounts of principal and interest owed on the note as a result of the default. Nothing in Townsend’s affidavit addresses, much less refutes, the specific allegations contained in McDonough’s affirmative defenses. McDonough, apparently in an abundance of caution, filed an affidavit in opposition to First Coast’s motion for summary judgment, which detailed his version of the transaction leading up to the allegedly delinquent note. Upon review of the record, the trial court entered summary-judgment, finding “the equities of this cause are with plaintiff and against the defendant,” and “there is no genuine issue as to any material fact.”
Summary judgment is appropriate only when the facts are so crystallized that there is no doubt as to any issue of material fact and only questions of law remain. Aloff v. Neff-Harmon, Inc., 463 So.2d 291 (Fla. 1st DCA 1984). A summary judg *767 ment in favor of the party seeking recovery will be reversed where the proponent of the motion fails to disprove opposing affirmative defenses or establish that such defenses are insufficient as a matter of law. Pile v. Geltex Trading Corp., 610 So.2d 738 (Fla. 4th DCA 1993); Westport Place One v. Reller Constr. Co., 611 So.2d 77 (Fla. 4th DCA 1992).
In the affirmative defenses, and in the subsequent affidavit, McDonough has in essence alleged that Mr. John Stubbs, a founder, director, and major shareholder of First Coast, acted as First Coast’s agent in initiating and completing this transaction with McDonough. The record before us does not conclusively refute McDonough’s assertion that Stubbs’ actions and representations in this transaction should be binding upon the bank. Summary judgment is proper in determining an agency relationship as a matter of law only when the evidence is capable of but one interpretation. Kobel v. Schlosser, 614 So.2d 6 (Fla. 4th DCA 1993).
The final summary judgment is REVERSED, and this cause remanded for further proceedings.
ZEHMER and WOLF, JJ., concur.