639 So.2d 1120 (1994)
RICHARD SWAEBE, INC., Appellant,
v.
SEARS WORLD TRADE, INC., Appellee.
No. 93-1830.
District Court of Appeal of Florida, Third District.
July 26, 1994.
Rosenberg & Rothman and Sheldon Rosenberg, Miami, for appellant.
Coll, Davidson, Carter, Smith, Salter & Barkett, Miami, Arnstein & Lehr and Arthur L. Klein and Leslie W. Loftus, Chicago, IL, for appellee.
Before NESBITT, COPE, and LEVY, JJ.
PER CURIAM.
Richard Swaebe, Inc. (RSI) offered to obtain and Sears World Trade (SWT) agreed to purchase certain quantities of Venezuelan aluminum of various qualities at specified prices. SWT subsequently made commitments to sell the aluminum to third parties. When SWT provided letters of credit to issue in favor of RSI, RSI refused to accept them, *1121 claiming that the letters of credit did not conform to RSI's specifications. While negotiations between SWT and RSI proceeded, SWT arranged to obtain part of the necessary aluminum directly from RSI's Venezuelan suppliers. Of five SWT-RSI contracts, only one was actually fulfilled.
RSI subsequently sued SWT for breach of contract, tortious interference with an advantageous business relationship, and fraud. SWT counterclaimed for breach of contract. The trial court directed a verdict in favor of SWT. RSI appealed, whereupon this Court reversed and remanded for a new trial in Richard Swaebe, Inc. v. Sears World Trade, Inc., 529 So.2d 774 (Fla. 3d DCA 1988). At the second trial, the jury found against SWT on its counterclaim, and against RSI on its claim of tortious interference. However, the jury found in RSI's favor on four breach of contract claims and the fraud claim, awarding RSI a total of $250,710.00 for the four breached contracts, nominal damages on the fraud claim, and $2,256,290.00 in punitive damages. The trial court granted SWT's post-trial motion to set aside the fraud claim and punitive damage award, finding that the economic loss rule barred the fraud claim, as RSI had not proven an independent tort which would support the award of punitive damages. The court denied SWT's motion to set aside the verdicts in favor of RSI on the breach of contract counts. SWT cross-appeals this denial. RSI appeals the denial of its post-trial motion for conformance of the verdict, additur, or new trial on damages.
RSI contends that the jury misapportioned the compensatory and punitive damages it awarded. RSI argues that the damages should therefore be "conformed" in order fulfill the jury's alleged intention to award RSI the total of these two figures.
Those situations where conformance is appropriate are limited to ministerial or clerical transpositions and errors. See e.g. Cory v. Greyhound Lines, Inc., 257 So.2d 36 (Fla. 1971); see also 55 Fla.Jur.2d Trial § 224 at p. 719 (a verdict in a civil case that is defective or erroneous as to a mere matter of form not affecting the merits or rights of the parties may be amended by the court to conform it to the issues and to give effect to what the jury unmistakenly found.). Here, the interrogatory verdict forms returned reveals the jury's unmistaken intent to apportion the damage awards as it did between compensatory and punitive damages.
RSI argues for conformance by attacking the integrity of the verdict. However, "when the total award is supported by substantial, competent evidence, the jury's apportionment of damages does not affect the integrity of the verdict." Phillips v. Ostrer, 481 So.2d 1241 (Fla. 3d DCA 1985), rev. denied, 492 So.2d 1334 (Fla. 1986). The record substantiates SWT's assertion that competent substantial evidence exists to support the jury's apportionment of damages against SWT.
Finally, RSI contends that the trial court incorrectly determined that the economic loss rule serves as a bar to RSI's recovery of both its fraud and punitive damages awards. We disagree. The relationship between RSI and SWT was strictly contractual and RSI has not proved that a tort independent of the contractual breaches was committed. The fraud for which the jury found SWT liable was not a separate and independent underlying tort, but rather merely a breach of the RSI/SWT contracts. See Lewis v. Guthartz, 428 So.2d 222 (Fla. 1982) (without proving a separate and independent tort, even flagrant and oppressive breach of contract could not be converted into tort in order to recover punitive damages). Thus, the trial court properly set aside the award for fraud and punitive damages.
Given the foregoing, we find that RSI is entitled to neither conformance, additur, nor a new trial on the issue of damages. The parties' remaining issues on appeal and cross-appeal are likewise meritless. Accordingly, the judgment under review is affirmed.