659 So.2d 424 (1995)
Allene ROBBINS, Appellant,
v.
Glenn L. HESS, Appellee.
No. 94-1269.
District Court of Appeal of Florida, First District.
August 10, 1995.
*425 Allene Robbins, appellant, Pro Se.
Thomas L. Powell and Kimberly A. Humphrey of Douglass, Powell & Rudolph, Tallahassee, for appellant.
Brian D. Hess, Panama City Beach, for appellee.
JOANOS, Judge.
Allene Robbins (appellant) appeals a final summary judgment in favor of Glenn L. Hess (appellee), the defendant in a legal malpractice action. This appeal is concerned with legal services rendered by appellee in connection with a motel property at Panama City Beach. We reverse.
In our review of the trial court's ruling on the motion for summary judgment, we must view the evidence in the light most favorable to the appellant, and must draw all competing inferences in favor of the appellant. See: Thoma v. Cracker Barrel Old Country Store, Inc., 649 So.2d 277, 278 (Fla. 1st DCA 1995). If there is doubt as to the existence or nonexistence of a genuine issue of material fact, such issue must be resolved against the party moving for summary judgment. Crandall v. Southwest Florida Blood Bank, Inc., 581 So.2d 593, 595 (Fla. 2d DCA 1991). Adhering to those standards, we set out the evidence as follows.
In 1969, appellant and her husband, Oscar Robbins, purchased the property known as the Sea and Ski Motel and Restaurant. The property was held jointly until 1974. At that time, Mr. Robbins placed title solely in appellant's name. On December 19, 1984, the motel sustained extensive fire damage, and was closed the following day. In February 1985, appellant transferred title of the property to her daughter, Bonnie Robbins.[1] On February 8, 1985, Bonnie Robbins transferred title to the property to her father, who was then living in Georgia. Title to the property remained in Mr. Robbins's name until 1988. Sometime in 1988, after her brother's death, appellant returned to Panama City Beach from Orlando.
On March 17, 1988, the City of Panama City Beach filed a notice and order of condemnation of the motel and restaurant property.[2] On Friday, July 8, 1988, appellant *426 retained appellee to prevent the demolition of the motel and restaurant structures. On July 11, 1988, appellee filed a petition for writ of certiorari. The petition alleged that the notice and order of condemnation departed from the essential requirements of law, and the City's proposed action would cause material injury to the petitioner. The petition was filed in the name of Oscar Robbins, who was the record title holder to the property. On July 25, 1988, appellant gave appellee a copy of changes she wished made to update the contract for a pending sale of the motel and restaurant.
There is evidence that when the petition was filed, Mr. Robbins had neither met appellee, nor spoken to him on the telephone. On July 28, 1988, when appellant discovered heavy equipment on the property, she called her husband in Atlanta, and told him the City was preparing to demolish the buildings. Appellant asked her husband to call appellee Hess, and to direct Mr. Hess to seek a delay of the demolition. In that telephone call, appellant told her husband that they had a buyer for the property.
Mr. Robbins testified that he did not retain Mr. Hess to represent his interests with regard to demolition of the motel. Mr. Robbins also stated he had not paid Mr. Hess for professional services rendered in connection with the property, and had never spoken to Mr. Hess until he called Hess at appellant's express request. The telephone records establish that Mr. Robbins placed his first call to appellee on July 28, 1988, at 10:24 a.m. According to Mr. Robbins's testimony, he relayed appellant's request to appellee and appellee advised him that the City either had or was getting a court order, and condemnation costs would be less if Mr. Robbins agreed to the demolition. Mr. Robbins said he told appellee that he would think about the matter.
At 3:08 p.m. central time, appellee filed a stipulation with the Circuit Court Clerk. The stipulation stated that the petitioner (Mr. Robbins) agreed that the City could proceed immediately to demolish and remove the condemned structures. The trial court's order approving the stipulation was filed contemporaneously with the stipulation, that is, on July 28, 1988, at 3:08 p.m. The evidence suggests that at 4:26 p.m. eastern time, eighteen minutes after appellee filed the stipulation, Mr. Robbins called appellee from Atlanta and told him to comply with the court order. The property was demolished that very day. Mr. Robbins stated that he knew nothing of the stipulation until the following day.
On July 27, 1990, appellant filed a complaint (later amended). Appellant has alleged that she retained Mr. Hess, appellee herein, to file a petition with Panama City Beach, so as to permit appellant to make repairs on the motel and restaurant until the anticipated sale of the property was closed. It is further alleged that on July 26, 1988, appellee prepared and signed a stipulation to the City's planned demolition of the motel and restaurant, without appellant's knowledge or authorization.
On April 18, 1991, appellee served appellant with an offer of judgment in the amount of ten dollars, pursuant to section 768.79, Florida Statutes, together with some other pleadings. Later, appellee filed an answer to the amended complaint, raising the statute of limitations as an affirmative defense.
At a hearing on appellee's second motion for summary judgment, appellee's counsel advised the trial court that during the discovery process, appellee learned that throughout the Robbins' forty-year marriage, appellant and her husband had acted as agents for each other with respect to the transfer of property. Appellee's counsel argued that Mr. Robbins's authorization of demolition of the property constituted acquiescence by appellant. In other words, Mr. Robbins acted as appellant's agent. Appellant's counsel responded that it became clear to appellant on July 28, 1988, that for whatever reason, Mr. Hess was not protecting the property against demolition, and was not acting in accordance with appellant's interest. Appellant's counsel further noted that in all of appellee's contacts with appellant, including his demands upon her for payment for professional services rendered, appellee referred to appellant as his client. The trial court announced its intent to grant the motion for summary judgment *427 with prejudice, based upon the agency relationship between the parties.
On March 21, 1994, the trial court issued a final summary judgment granting appellee's motion for summary judgment. The trial court also retained jurisdiction to consider other matters. Thereafter, on May 9, 1994, the trial court entered a final judgment for attorney's fees and costs, to be paid by appellant to appellee, in a total judgment amount of $19,582.28, together with interest.
The first question for resolution concerns the trial court's determination that appellant's husband acted as her agent with respect to the contested authorization to appellee to enter into a stipulation for demolition of the buildings on the motel property. The essential elements of an actual agency relationship are: (1) acknowledgment by the principal that the agent will act for him or her, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent. Goldschmidt v. Holman, 571 So.2d 422, 424 n. 5 (Fla. 1990). Accord Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491, 494 (Fla. 1983) (the existence of an agency relationship is ordinarily a question to be determined by a jury in accordance with the evidence adduced at trial). An apparent agency exists "only if each of the three elements are present: (a) representation by the purported principal; (b) a reliance on that representation by a third party; and (c) a change in position by the third party in reliance on the representation." Mobil Oil Corp. v. Bransford, 648 So.2d 119, 121 (Fla. 1995). See also Sapp v. City of Tallahassee, 348 So.2d 363, 367 (Fla. 1st DCA), cert. denied, 354 So.2d 985 (Fla. 1977) (agency may be inferred by past dealings of the parties).
Generally, the issue of agency or apparent agency is a question of fact to be determined by a jury. The question can be resolved by summary judgment in only those cases where the evidence is capable of but one determination. Kobel v. Schlosser, 614 So.2d 6, 7 (Fla. 4th DCA 1993). The party alleging the agency relationship bears the burden to prove it, just as the party moving for summary judgment has the burden to prove the absence of material fact issues. Id.
In this case, the trial court granted the motion for summary judgment based on findings that (1) Mr. Robbins was the record title holder to the property, and (2) Mr. Robbins had agency authority to act for his wife. Assuming that appellee was acting as appellant's attorney, an apparent agency was suggested by the evidence of Mr. and Mrs. Robbins's past dealings with regard to transfers of title to real property. However, the third required elements is still in dispute, that is, there still exists a factual issue as to whether appellee changed position in reliance on a representation that Mr. Robbins was appellant's alleged agent.[3] Since the stipulation was directly contrary to appellant's wishes, under an agency theory, the question is still open as to whether Mr. Hess was on notice of the conflicting purposes and goals of the principal and agent.
The evidence establishes that appellant and her husband frequently bought and sold real property, and frequently signed each other's names to documents transferring title, apparently for convenience. Due to Mr. Robbins's job assignment in Atlanta, and appellant's motel operation in Panama City Beach, husband and wife often lived apart. We conclude the facts as to the parties' past dealings with respect to property transfers supports the trial court's finding that Mr. Robbins may have possessed agency authority to act on appellant's behalf in the past. However, evidence also shows that appellee acted in direct contravention of appellant's wishes and instructions, before receiving any notice that Mr. Robbins may have concurred in that activity.
Although Mr. Robbins's subsequent authorization to comply with the court order arguably ratified the attorney's execution of the stipulation, the record is clear that at the *428 time the attorney executed the stipulation, there is an evidentiary question remaining as to whether he did so without authority from either Mr. Robbins or appellant. Thus, appellee failed to show an absence of a genuine issue of material fact as it pertains to Mr. Robbins's purported authorization of appellee's conduct in agreeing that the City should go forward with demolition of the structures. In addition, the record demonstrates the existence of a genuine issue concerning the identity of appellee's client. Appellee insisted that appellant retained him to represent Mr. Robbins's interests in the Panama City Beach property, but has failed to show that Mr. Robbins's interests were the same as appellant's interests. Another question exists concerning appellee's lawsuit against appellant for payment for professional services purportedly performed on appellant's behalf, which services were allegedly in direct contravention of appellant's instructions.
The second issue involves appellee's statute of limitations defense. The limitations period for professional malpractice is two years "from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." § 95.11(4), Fla. Stat. (1987). On July 28, 1988, appellant discovered that the City was in the process of demolishing the motel and restaurant structures, the very outcome which she retained appellee to prevent or to delay. The record indicates that appellant did not learn of the stipulation executed by appellee until August 1, 1988. Appellee takes the position that appellant was on notice that her interest was not being represented independent of the interest of her husband as of Friday, July 15, 1988, when she viewed the petition filed in the name of Oscar Robbins. Arguing on this premise, appellee maintains the claim against him was time barred, because it was filed after July 15, 1990.
Although the trial court made no express finding with respect to the limitations defense, the court's ruling on the merits of the motion for summary judgment constitutes an implicit rejection of the defense. We conclude the evidence supports the view that the limitations period began to run on July 28, 1988, when appellant discovered that the City was in the process of removing the motel and restaurant structures. Therefore, the complaint filed July 27, 1990, was within the limitations period.
In summary, appellee has failed to prove the complete absence of genuine issues of material fact essential for a grant of summary judgment. Among other things, appellee has failed to show an absence of a genuine issue with respect to actions taken by him before he was authorized to do so, either by the alleged agent (Mr. Robbins), or by appellant. Appellee also has failed to show the absence of a factual issue that he relied upon an agency relationship when he negotiated and signed the stipulation for demolition of the motel structures.
Appellee has filed a motion for appellate attorney's fees. We deny that motion. Appellee has not prevailed on this appeal. In addition, the law would not allow attorney's fees even if appellee had prevailed on this appeal. The statute applicable, section 768.79(1)(a), Florida Statutes (1987), provides in part:
[I]f a defendant files an offer of judgment which is not accepted by plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer... (emphasis supplied).
The plain language of section 768.71(2), attaches the right to attorney's fees to the underlying cause of action, in the integrated statutory scheme under the negligence chapter of the Florida Statutes. Metropolitan Dade County v. Jones Boatyard, Inc., 611 So.2d 512, 514 (Fla. 1993).
Prior to the 1990 amendment to section 768.79, the statute did not authorize an award of attorney's fees in the absence of a judgment in some amount for plaintiff. See Buchanan v. Allstate Insurance Co., 629 So.2d 991, 992 (Fla. 1st DCA 1993); City of Punta Gorda v. Burnt Store Hotel, Inc., 650 So.2d 142, 143 (Fla. 2d DCA 1990) (a judgment rendered in favor of the plaintiff is a prerequisite to awarding costs and attorney's *429 fees to a defendant who has made an offer of judgment pursuant to section 768.79(1)(a)). In 1990, the statute was amended to allow awards of attorney's fees in cases where a judgment of no liability is entered. Buchanan, 629 So.2d at 992; City of Punta Gorda, 650 So.2d at 143.
An award of section 768.79 attorney's fees is controlled by the statute in effect when the cause of action accrued. Metropolitan Dade County, 611 So.2d at 514. The instant cause of action occurred in 1988, two years before the statute was amended. Since the summary final judgment was one of no liability, that is, no judgment for the plaintiff, appellee is not entitled to an award of attorney's fees and costs in connection with this proceeding.
Accordingly, we reverse the final summary judgment in favor of appellee, remand this cause for further proceedings, and deny appellee's motion for appellate attorney's fees.
BOOTH and WOLF, JJ., concur.
NOTES
[1] In 1985, appellant went to Orlando for an indefinite period of time, to care for a terminally ill brother. Appellant explained that the property had been listed for sale, and the transfer of title was designed to facilitate a sale in her absence.
[2] The record indicates that the structures on the property were in an unsafe, rundown condition.
[3] Rather, the agency theory did not emerge prior to discovery. There is nothing in the record to support a reasonable inference that Mr. Hess changed position based on his belief that Mr. Robbins was acting as appellant's agent. The record indicates that Mr. Hess signed and filed the stipulation before he received Mr. Robbins's agreement to do so.