666 So.2d 558 (1995)
LINN-WELL DEVELOPMENT CORPORATION, Stuart Lichter and Barry Lang, Appellants,
v.
PRESTON & FARLEY, INC., and Crown Beverage Packaging, Inc., Appellees.
Nos. 94-03170, 94-03168.
District Court of Appeal of Florida, Second District.
December 20, 1995.
Rehearing Denied January 22, 1996.
Richard B. Wilkes, L. Joseph Shaheen and Anthony T. Leon of Gardner, Wilkes, Shaheen & Candelora, Tampa, for Appellants.
Terry A. Smiljanich of Blasingame, Foriz & Smiljanich, P.A., St. Petersburg, for Appellee Preston & Farley.
No Appearance for Appellee Crown Beverage.
FRANK, Acting Chief Judge.
We need not recount the convoluted procedural events preceding the presence of this matter before us. It is sufficient to note that Linn-Well Development Corporation, Stuart Lichter and Barry Lang ("the Linn-Well litigants") have challenged the trial court's orders, in one instance denying the Linn-Well litigants' motion for relief from a final summary judgment and in a subsequent but related case granting a final summary judgment in favor of Preston & Farley, Inc. The Linn-Well litigants contend that Preston & Farley cannot benefit from res judicata and collateral estoppel as a result of orders entered in another but related lawsuit. We refrain from passing upon whether the foregoing principles are meritoriously asserted. We have done so because the Linn-Well litigants urge the view that the economic loss rule cannot bar their tort claim against Preston *559 & Farley. That issue, which we deem pivotal, derives from the application of the economic loss rule to an action for fraud in the inducement alleged against a real estate broker. Within that limited setting, we affirm the trial court in the light of our en banc decision in Woodson v. Martin, 663 So.2d 1327 (Fla. 2d DCA 1995), and we certify to the Florida Supreme Court the substance of the question certified in Woodson:
IS A BUYER OF COMMERCIAL PROPERTY PREVENTED BY THE "ECONOMIC LOSS RULE" FROM RECOVERING DAMAGES FOR FRAUD IN THE INDUCEMENT AGAINST THE REAL ESTATE AGENT AND ITS INDIVIDUAL AGENT REPRESENTING THE SELLERS?
ALTENBERND and BLUE, JJ., concur.