677 So.2d 976 (1996)
Gerri A. RANDOLPH, Appellant,
v.
William M. MITCHELL, et al., Appellees.
No. 95-2821.
District Court of Appeal of Florida, Fifth District.
August 9, 1996.
Eric W. Ludwig of Eric W. Ludwig, P.A., Altamonte Springs, for Appellant Gerri A. Randolph.
Michael C. Sasso, Daniel P. O'Gorman, Winter Park, and Daniel N. Broderson of Dempsey & Associate, P.A., Orlando, for Appellee Security Life Insurance Company of America.
William H. Morrison of Baldwin & Morrison, P.A., Fern Park, for Appellee William M. Mitchell.
*977 HARRIS, Judge.
Gerri A. Randolph appeals from an order dismissing her action against William M. Mitchell, an insurance agent, because of the economic loss rule. We reverse.
Randolph was self-employed as a horsetrainer and had a policy of insurance which protected her from work-related injuries. Mitchell approached Randolph and urged her to purchase medical insurance from him to replace her existing policy, allegedly representing to her that the new policy would provide the same or better coverage than her previous policy and for a lower premium. Randolph alleges that, based on his representation, she accepted his proposal and Mitchell issued her a policy through Security Life Insurance Company of America.[1]
Randolph was subsequently thrown from a horse during the course of her employment and sustained substantial medical bills. She submitted a claim for benefits and Security Life denied coverage based on an exclusion contained in the insurance policy.
Randolph sued Mitchell alleging fraud in the inducement by misrepresenting the coverage in order to get her to purchase the policy. She specifically alleged that Mitchell knew that the new policy provided less coverage than her existing policy and provided no coverage for injuries she might sustain during her employment. The issue before us is whether the economic loss rule bars a fraud action against the insurance agent.
To review the economic loss rule, let us consider an example. Suppose you have an old vehicle that you wish to enter in an antique car race. You respond to the advertisement of a company that claims that it can rebuild any engine so that the vehicle can achieve a speed of at least 100 miles per hour. You employ the company to rebuild your engine, informing its agents that you intend to enter an antique car race in which you expect that a vehicle that can obtain a speed of 100 mph will be the winner. After the work is completed, you are assured by company employees that the job was a success. You enter the race and come in second to a 1947 Ford that achieved a speed of 95 mph. You could never get your Chevy up to 90 mph. Not only did you not win the victor's purse but you also lost your entry fee.
You can sue for breach of warranty in that the vehicle could not achieve the warranted speed and rescind the contract, or you can sue for breach of contract and seek the difference in value between an engine that can reach 100 mph and an engine that can only go 90 mph, together with foreseeable "special damages." The economic loss rule, however, will prevent you from bringing a negligence or strict liability action. See Casa Clara Condominium Ass'n., Inc. v. Charley Toppino and Sons, Inc., 620 So.2d 1244 (Fla.1993).
The economic loss rule would also seem to bar an action founded on the company's post-contract fraud based on the false representation that the job was a success and that the car could go in excess of 100 mph because the fraud was not independent of the contractual breach. See Lewis v. Guthartz, 428 So.2d 222 (Fla.1982), and Richard Swaebe, Inc., v. Sears World Trade, Inc., 639 So.2d 1120 (Fla. 3d DCA 1994). But does the economic loss rule bar your action for fraud in the inducement because the false representation contained in the advertisement induced you to have your engine rebuilt by the defendant? It is on this question that the courts disagree. Some courts hold that since fraud in the inducement is a separate and independent tort, such action is not barred by the economic loss rule. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 661 So.2d 1221 (Fla. 3d DCA 1995), rev. granted, 670 So.2d 938 (Fla.1996). Others hold that you must look at the nature of the damages in order to determine the applicability of the rule. Woodson v. Martin, 663 So.2d 1327 (Fla. 2d DCA 1995). But all these cases (except a portion of Woodson) deal with the participants in a direct contract for goods or servicesnot a third party intermediary who, for a fee, brings about a contract for goods or services.
An analysis of the issue before us requires that we change one of the facts in the example. Instead of responding to a company *978 advertisement, suppose you had gone to an antique car broker and asked him to find you someone who could rebuild your engine so that it could achieve 100 mph. Then assume the broker, for a fee, referred you to an engine rebuilding company after representing to you, knowing it to be false, that such company could, in fact, rebuild your engine so that it could achieve 100 mph.[2] Should the economic loss rule protect this third party (a non-party to the engine rebuilding contract) from a fraud action? The supreme court has not yet decided this question although the issue is presently pending before the court. See Linn-Well Development Corp. v. Preston & Farley, Inc., 666 So.2d 558 (Fla. 2d DCA 1995).
Although the court in Woodson held that the real estate broker as well as the seller were protected by the economic loss rule, it did so merely because of the nature of plaintiff's damages and without considering the separate roles played by the seller and the realtor in the transaction. We believe this distinction to be critical.
The court in Kanter v. Deitelbaum, 271 Ill.App.3d 750, 208 Ill.Dec. 215, 217-18 648 N.E.2d 1137, 1139-40 (1995), considered the economic loss rule as it applied to an insurance agent:
In the present case, Deitelbaum agreed to procure health insurance coverage suitable to plaintiff's needs. Thereafter, plaintiffs fully satisfied all conditions and requirements in order to obtain health insurance, including the payment of certain sums of money. Deitelbaum falsely informed plaintiffs that he had obtained health insurance for them. He failed to do so. When asked by Plaintiffs whether he had secured such coverage, he gave plaintiffs bogus insurance cards containing their names and addresses. This hoax was revealed after one of the plaintiffs was hospitalized and required medical attention.... We hold that under these facts and circumstances, an insurance broker, admittedly having a fiduciary duty to an insured, is in no different position than an attorney or an accountant in relationship to plaintiffs.... Because plaintiffs were relying on his knowledge and expertise, the value of Deitelbaum's services lay beyond the policy, which is tangible in nature.... Moreover, Deitelbaum breached his duty to exercise reasonable skill and diligence in obtaining health insurance for plaintiffs. We find that this failure was a breach of his duty to observe reasonable professional compliance which existed independently of the insurance policy or contract.... We therefore find that Deitelbaum's duty to plaintiffs, his insureds, in performing insurance brokerage services was not solely defined by contract, but rather was extracontractual in nature.
So it is in our case. Randolph alleges that Mitchell knowingly misrepresented to her that the insurance policy would cover her if she were injured on the job. Mitchell held himself out as an expert in the field of insurance, and her reliance on his ability and integrity would be justified. His obligation was extracontractual and he should be liable for any malpractice, negligent or intentional. Although we acknowledge that the record reflects Randolph executed an application that puts in question exactly what she thought she was purchasing, a motion to dismiss is not the appropriate vehicle to make that determination.
The court erred in dismissing the fraud count against Mitchell on the basis of the economic loss rule. In line with Linn-Well Development Corp., we certify this issue to the supreme court.
REVERSED and REMANDED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] The issue involving the liability of Security Life is not before us in this appeal.
[2] This type "fee" agent should be distinguished from an officer or employee of a sales or service company.