877 So.2d 5 (2004)
SEARS ROEBUCK AND CO., a New York Corp., Appellant,
v.
Joseph WILLIAMS and Mary Williams, as guardians and next best friends of Joey Williams, a minor, Appellees.
No. 3D02-1458.
District Court of Appeal of Florida, Third District.
March 31, 2004.
Rehearing and Rehearing Denied July 14, 2004.
Marlow, Connell, Valerius, Abrams, Adler and Newman and Rosemary B. Wilder, Coral Gables; Arnstein & Lehr and Alfredo Marquez-Sterling, Esq., for appellant.
Ginsberg & Schwartz and Arnold R. Ginsberg, Miami; Goldberg & Vova, P.A. and Judd G. Rosen, for appellee.
Before SCHWARTZ, C.J., and GREEN, J., and BARKDULL, THOMAS, JR., Senior Judge.
Rehearing and Rehearing En Banc Denied July 14, 2004.
PER CURIAM.
This is an appeal from an order granting the plaintiff's motion for new trial, and from a partial summary judgment which held that the appellant, Sears Roebuck and Co., was vicariously liable for the acts of its co-defendant, Diamond Exteriors, Inc.
*6 Finding no clear abuse of discretion, we affirm the order for new trial. See Brown v. Estate of Stuckey, 749 So.2d 490, 497-98 (Fla.1999) ("When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion."). See also Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959) (holding that the granting of a motion for new trial should not be disturbed absent a clear showing of abuse of discretion).
We, however, reverse the summary judgment holding the appellants vicariously liable. The question of agency and/or apparent agency is generally a question of fact which must be determined by a jury. Robbins v. Hess, 659 So.2d 424, 427 (Fla. 1st DCA 1995). This case is no different. Where, as here, the record reflects that different inferences can be made as to an agency relationship, summary judgment is improper. See Robbins, id. (finding that the question of apparent agency could be resolved by summary judgment only in cases where the evidence is capable of just one determination (citing Kobel v. Schlosser, 614 So.2d 6, 7 (Fla. 4th DCA 1993))).
Accordingly, we affirm in part, reverse in part and remand for new trial.
GREEN, J., and BARKDULL, THOMAS H., JR., Senior Judge, concur.
SCHWARTZ, Chief Judge (dissenting).
The trial judges order granting a new trial was not based on a discretionary call concerning the weight of the evidence but rather upon the conclusion that two legal errors had been committed. Because this is the case, we are on equal footing with the lower court in determining the validity of the grounds assigned. Midtown Enterprises, Inc. v. Local Contractors, Inc., 785 So.2d 578 (Fla. 3d DCA 2001). Since I believe that the record shows that there was neither actual error, preservation, see Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983),[1] nor prejudice as to either of the issues relied upon in the order: bifurcating the issues of liability and causation, see Scandinavian World Cruises Ltd. v. Barone, 573 So.2d 1036 (Fla. 3d DCA 1991), or in the claim of jury confusion,[2] I would reverse the order and *7 direct the entry of judgment on the verdict.
NOTES
[1] Disapproved of on other grounds by Murphy v. International Robotic Systems, Inc., 766 So.2d 1010 (Fla.2000).
[2] On this issue, the record shows only that, towards the end of the jury's deliberation it asked a question as to which, as the trial court responded without objection, was irrelevant to the issues before it:

THE COURT: This is the question. Ready?
"Has it been medically established that Joey Williams, Junior suffered brain damage due to the exposure of carbon monoxide?" MR. ROSEN: I predicted it, Judge.
THE COURT: Okay. I'm going to say that is not for your consideration. This portion of the trial is whether or not the re-roofing was done negligently.
Do we all agree on that?
MR. ROSEN: Yes.
MR. LATIMER: Actually, Your Honor, I think that, so far, because the jury is considering that, I think that they have so far gotten into causation, because of the evidence that has gotten in already, that 
THE COURT: That's a lot to say. I still have to say that.
MR. GOLDBERG: What would you want her to say?
THE COURT: I have to answer it.
MR. LATIMER: That we mis-try the case.
THE COURT: We have to put it on this.
MR. ROSEN: This is not 
THE COURT: This issue is not for your consideration at this time. The issue  and it even says in the case, the issue for your determination is whether  the issue for your determination is whether the re-roofing was done negligently. Is that correct?
MR. GOLDBERG: Are you making a statement or asking a question?
THE COURT: The issue for your determination is whether the re-roofing was done 
(The Bailiff provided the document to the jury.)