184 So.2d 685 (1966)
STATE FARM FIRE AND CASUALTY COMPANY, Appellant,
v.
Lioyd Warren HICKS and Mabel Naomi Hicks, His Wife, Appellees.
No. 5596.
District Court of Appeal of Florida. Second District.
March 25, 1966.
Rehearing Denied April 18, 1966.
David J. Williams of Langston & Massey, Lakeland, for appellant.
Oliver L. Green, Jr., Lakeland, for appellees.
HOBSON, Judge.
The appellees, plaintiffs below, sued the appellant, defendant, on an oral contract of fire insurance. The case was tried before a jury and a verdict was entered in favor of the appellees in the amount of $20,000. The verdict was reduced by the amount of $1,500 by order of the trial court upon a finding that the evidence was insufficient *686 to support appellees' claim for damages to personal property. After appellees filed a remittitur of the said $1,500 a final judgment was rendered against the appellant in the amount of $18,500. It is from this final judgment that the appellant appeals.
The law is well settled in Florida that a contract of fire insurance may be established orally. The essentials necessary to establish an oral contract of fire insurance are the same as if it were in writing. These essentials were set forth in Collins v. Aetna Ins. Co., Fla. 1931, 103 Fla. 848, 138 So. 369, as follows:
"* * * the subject-matter, the risk insured against, the amount of insurance, the rate of premium, the duration of the risk, and the identity of the parties."
We have carefully reviewed the record in this case and although the evidence is conflicting, we find that there was competent substantial evidence before the jury for it to determine that all necessary essentials were present for it to render a verdict for the appellees.
The law is well settled that an appellate court cannot place itself in the shoes of the jury, even though it might disagree with the jury's verdict, if there is competent and substantial evidence which accords with logic and reason before the jury to sustain its verdict. Glass v. Parrish, Fla. 1951, 51 So.2d 717.
We have carefully considered the appellant's other assignments of error and have determined that they are without merit. Therefore, the final judgment upon the jury verdict entered in the court below is affirmed.
SHANNON, Acting C.J., and BRUTON, JAMES D., Jr., Associate Judge, concur.