218 So.2d 807 (1969)
Howard D. BEARDMORE, Appellant,
v.
Harold ABBOTT, Appellee.
No. 68-529.
District Court of Appeal of Florida. Third District.
February 11, 1969.
Kelly, Black, Black & Kenny, Miami, for appellant.
Koeppel, Stark & Marks, Miami, for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
The appellant, Howard D. Beardmore, defendant below, appeals from a summary final judgment for the plaintiff, Harold Abbott.
It appears that the facts and transactions involved herein are controlled by the Negotiable Instruments Law and not the Florida Uniform Commercial Code.
Abbott sued Beardmore in the Civil Court of Record on a promissory note which he had been required to pay as an accommodation endorser. He is a Florida life insurance counselor, and Beardmore was his client. Abbott analyzed Beardmore's estate and constructed an estate plan for him in which he advised Beardmore to purchase a $200,000 insurance policy with certain savings features. This policy required a $4,843.00 annual premium.
Since Beardmore could not afford the first year's premium, he executed a promissory *808 note which the plaintiff, Abbott, endorsed. The note was presented to a local bank in order to finance the amount of the premium for the first year on the insurance policy. The bank, upon the written direction of Beardmore, paid the first year's premium directly to the insurance company and received the policy as collateral for the note and loan.
Beardmore defaulted on the premium payments after the first year and let the insurance policy lapse. The bank applied the cash value of the policy against the loan and required Abbott, as endorser, to pay the balance due it. Abbott then instituted the instant action against Beardmore for indemnification. The final judgment herein appealed awarded damages, interest and attorneys' fees of $400.00. See 11 Am.Jur.2d Bills and Notes § 547.
Beardmore contends that there were genuine issues of material fact to be resolved by a trial and that a summary judgment was improper.
Abbott, by his cross-appeal, objects to the amount of the attorneys' fees awarded to his attorneys for their services rendered to him in the trial court.
We affirm. Abbott endorsed the note executed by Beardmore. This was done in order that Beardmore might have sufficient funds with which to pay the first year premiums due on an insurance policy to the insuror, Canadian Life Assurance Corporation. The bank made a loan to Beardmore and at his specific written directions, sent the proceeds of the note to the insurance company. The insurance company, after receipt of the premium payment, issued and delivered the life insurance policy on Beardmore to the bank and subsequently sent a commission to its agent, Abbott.
There was no fraud proven in this case and Abbott did not cause Beardmore to surrender any other insurance policies, benefits, or assets. He simply purchased an insurance policy, and the yearly premium payments proved to be too large a financial burden for him.
It is significant, however, that he was protected by this insurance policy for the first year and he did not complain or permit the policy to lapse until the premium for the second year became due. The fact that he financed the first year's premium with the bank and that the insuror's agent, Abbott, endorsed the note as an accommodation for him to obtain the bank loan with which to pay the premium does not make the agent anything other than an accommodation endorser; even though the agent subsequently received a commission from the insurance company for having made the sale. See Gaspard v. Lachney, La. App. 1957, 92 So.2d 277; and Morris County Brick Co. v. Austin, 79 N.J.L. 273, 75 A. 550. Beardmore concedes that he knew that Abbott was in the insurance business and that he was to receive a commission upon the sale of an insurance policy to him.
The Negotiable Instruments Law defines an accommodation party as one "who has signed the instrument as * * * or indorser, without receiving value therefor, and for the purpose of lending his name to some other person." [Italics added.] Fla. Stat. § 674.32, F.S.A. It appears that Abbott did not receive anything of value for his accommodation endorsement of the note; and the fact that he later received a commission for the sale of the policy does not alter the fact that he received no value for the endorsement prior to, or contemporaneous with the endorsement.
Appellant, Beardmore, next argues that Abbott breached a fiduciary relationship with him when he concealed the amount of his commission from Beardmore and that he is thereby estopped from suing his client in regard to this transaction.
We accept the view that the record herein establishes that a confidential relationship existed between the parties and that it was one in which Beardmore reposed trust *809 and confidence in his insurance counselor, Abbott.
Notwithstanding the fact that a fiduciary relationship existed, there has been no showing in this record of any fraud or that Beardmore received unsuitable, bad, or misrepresented insurance coverage.
The record reveals that Beardmore was a professional man who was also an officer in an insurance agency which handled casualty insurance; that he knew that Abbott was to receive a commission and that he had made several loans prior to this time.
Essentially, he claims that there was a breach of a fiduciary relationship when Abbott did not disclose to him the amount of the commission which he was to receive for the sale of this insurance policy to Beardmore. There was no showing that Abbott actually concealed the amount of commission and the record reveals that the simply did not disclose to Beardmore the amount of the commission which he was to receive even though Beardmore knew he was entitled to and would receive a commission.
Under these circumstances, we find that a fiduciary relationship existed but there was no breach of the same by Abbott.
Abbott stipulated that the trial judge could set the amount of attorneys' fees for services rendered in the trial court without the necessity of requiring expert testimony. The court did so. The amount may be too low to please the attorneys for appellee but we do not find reversible error, in view of the stipulation.
Affirmed.