490 So.2d 1291 (1986)
Margie C. ROBINSON, As Personal Representative of the Estate of Joey Jay Ray, Deceased, Appellant,
v.
JOHN E. HUNT & ASSOCIATES, INC., a Florida Corporation, Appellee.
No. BF-283.
District Court of Appeal of Florida, First District.
June 20, 1986.
Rehearing Denied July 28, 1986.
*1292 T. Whitney Strickland, Tallahassee, for appellant.
Patricia Guilday of Fuller & Johnson, P.A., Tallahassee, for appellee.
SMITH, Judge.
This is an appeal from a summary judgment in favor of John E. Hunt and Associates, Inc. (Hunt). Appellant's son, Joey Jay Ray, was killed by an automobile driven by Jackson Beverly Shuford on January 16, 1982. The facts alleged in appellant's complaint are that on or about December 1, 1981, Shuford and Hunt entered into an oral contract calling for Hunt to provide $10,000 in automobile liability insurance for Shuford. The agreement called for six months coverage for a premium which was to be paid at a later date; however, Hunt negligently failed to provide this coverage contrary to his contractual obligation. Appellant seeks to recover on the theory that Ray's estate is a third party beneficiary of the contract between Hunt and Shuford and was prevented from receiving the benefits of the alleged contract. After considering the parties' opposing affidavits, the trial court granted Hunt's motion for summary judgment finding that no contract existed between Hunt and Shuford, and that even if a contract did exist, appellant *1293 was not a third party beneficiary of the contract. We reverse.
In his affidavit, John E. Hunt, Jr., president of Hunt, states that he had agreed to bind coverage with Safeco Insurance Company for Shuford, but that he had advised Shuford that he would need to come in at his earliest opportunity to sign the application and pay the required premium. Hunt attempted to notify Shuford by phone and by mail to the address he claims Shuford provided, 723 Beard Street, of the binder's expiration date of December 9, 1981. Shuford did not come in, the binder expired, and Shuford was notified by mail sent to the Beard Street address of the binder's expiration. In contrast, Shuford's affidavit states that Shuford informed Hunt that his mailing address was 403 1/2 Poplar Street, and that he and Hunt had never agreed to a definite time as to when the premium had to be paid, due to their difficult schedules. Shuford claims he was never told that there was an expiration date on the binder issued to him.
An insurance agent may be held liable for failure to provide insurance coverage pursuant to an oral contract. Monogram Products, Inc. v. Berkowitz, 392 So.2d 1353 (Fla. 2d DCA 1980); and State Farm Fire & Casualty Co. v. Hicks, 184 So.2d 685 (Fla. 2d DCA 1966). Although jurisdictions are split, see Annot., 64 A.L.R.3d S98 s 9 (1975), Florida follows the rule that an insurance agent may be held liable for breach of contract for failure to procure insurance coverage even though the agency has received no premium from the applicant. The applicant's agreement to accept a policy if issued is sufficient consideration for the contract since it carries with it the implied promise to pay whatever premium would be due thereon. Duncanson v. Service First, Inc., 157 So.2d 696 (Fla. 3d DCA 1963); and First National Insurance Agency, Inc. v. Leesburg Transfer & Storage, Inc., 139 So.2d 476 (Fla. 2d DCA 1962).[1] Finally, Florida permits a direct third party action by an injured person against an insurance agent for that agent's alleged negligence in failing to provide the tortfeasor adequate insurance. Rihon v. Wilson, 415 So.2d 94 (Fla. 4th DCA 1982); Hamer v. Kahn, 404 So.2d 847 (Fla. 4th DCA 1981); and Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969).[2]
Genuine issues of material fact remain in this case whether Hunt breached his contract with Shuford by negligently sending correspondence concerning Shuford's insurance coverage to the wrong address, unilaterally fixing a date for payment of the premium (December 9, 1981), and failing to notify Shuford before cancelling the binder. We note, however, that before appellant may even seek to recover against Hunt, she must be successful in her action against Shuford. Because of this contingency, the trial court may wish to sever these issues from the issues involved in appellant's suit against Shuford and others. Hamer v. Kahn, 404 So.2d at 850; Beta Eta House Corp., Inc. of Tallahassee v. Gregory, 237 So.2d 163 (Fla. 1970).
REVERSED.
WENTWORTH, J., concurs.
BOOTH, C.J., dissents.
BOOTH, Chief Judge, dissenting:
I would affirm the judgment below. The trial court correctly ruled that there was no contract subjecting defendant to liability and, further, that, assuming such a contract did exist, plaintiff was not the beneficiary thereof. No material issue of fact or law appearing of record here, the judgment below should be affirmed.
NOTES
[1] Although these cases refer to insurance policies, the same rules would be applicable to binders or temporary insurance. 43 Am.Jur.2d, Insurance, §§ 165, 197; 30 Fla.Jur.2d, Insurance, §§ 380, 381; Annot. 12 A.L.R.3d 1304, § 9 (1967).
[2] Since Ray's accident occurred prior to the effective date of Section 627.7262, Florida Statutes (Supp. 1982), we do not determine whether it precludes the cause of action alleged. See VanBibber v. Hartford Accident & Indemnity Insurance Co., 439 So.2d 880 (Fla. 1983).