530 So.2d 422 (1988)
WAREHOUSE FOODS, INC., Warehouse Foods # 102, Inc., and Warehouse Foods # 103, Inc., Florida Corporations, Appellants,
v.
CORPORATE RISK MANAGEMENT SERVICES, INC.; William Keith Jones; and Insurance Company of North America, Appellees.
No. 87-1134.
District Court of Appeal of Florida, First District.
August 24, 1988.
*423 Jose J. Elortegui, of Gardner, Shelfer & Duggar, Tallahassee, for appellants.
P. Scott Mitchell, of Fuller, Johnson & Farrell, Tallahassee, for appellees Jones and CRMS.
Marily M. McFadden, of Field, Granger, Santry & Mitchell, Tallahassee, for appellee INA.
WENTWORTH, Judge.
Appellants seek review of a summary final judgment denying their claim to recover damages for uninsured losses. The lower court rejected appellants' contention that there had been a breach of duty to provide adequate coverage or an actionable misrepresentation by the insurer, the local agency, and the insurance agent. We find that disputed issues of material fact were presented in this regard and that summary judgment therefore should not have been granted.
Appellants are corporations which were doing business as grocery stores and allegedly sustained losses when utility service was interrupted for several days after a hurricane. An insurance claim was submitted for the loss, but was denied due a policy provision limiting such coverage to those situations where there is damage to the insured's buildings or equipment. Appellants filed a complaint seeking recovery for their losses, asserting that they had relied upon the expertise of the insurer's agent. It was further asserted that this agent had advised that appellants would be "fully covered ... and did not need any other coverage."
An agent is required to use reasonable skill and diligence, and liability may result from a negligent failure to obtain coverage which is specifically requested or clearly warranted by the insured's expressed needs. See Sheridan v. Greenberg, 391 So.2d 234 (Fla. 3d DCA 1981); Caplan v. LaChance, 219 So.2d 89 (Fla. 3d *424 DCA 1969). The claimed loss in the present case was largely due to spoilage of inventory in cold storage, and appellants admitted that they did not directly advise the agent of any special insurance needs in this regard. But the record contains testimony that appellants did express a desire to be fully insured, questioning whether "everything" was covered and specifically inquiring about acts of God; that the agent repeatedly advised appellants that the insurance proposal contained all the coverage they needed; and that in accepting the proposal appellants relied upon the agent's expertise and assurances that the policy would provide full coverage.
When an insured reasonably relies upon an agent's claimed expertise and advice, liability may be based upon the agent's negligent failure to properly advise the insured as to coverage. See Seascape of Hickory Point Condominium Association v. Associated Insurance Services, 443 So.2d 488 (Fla. 2d DCA 1984). And a misrepresentation by the agent might warrant an estoppel precluding the insurer from denying coverage. See Crown Life Insurance Co. v. McBride, 517 So.2d 660 (Fla. 1987); Peninsular Life Insurance Co. v. Wade, 425 So.2d 1181 (Fla. 2d DCA 1983). In the present case appellants presented a factual predicate for their claim, and the existence of these issues of material fact precludes summary judgment. See Aloff v. Neff-Harmon, Inc., 463 So.2d 291 (Fla. 1st DCA 1984).
The order appealed is reversed and the cause remanded.
ERVIN and WIGGINTON, JJ., concur.