555 So.2d 387 (1989)
S & S AIR CONDITIONING CO., a Florida Corporation, and Janet Williams, Appellants,
v.
Joseph FREIRE, Eugene Dardick, d/b/a Dardick General Agency, and Washington National Insurance Company, Appellees.
No. 89-186.
District Court of Appeal of Florida, Third District.
November 14, 1989.
Rehearing Denied February 7, 1990.
Gars, Dixon & Shapiro, Miami, and Joseph Allen and John Dellagloria, South Miami, for appellants.
Arandia & Perez and Emmanuel Perez, Daniels and Hicks and Bambi G. Blum, Miller, Selig & Kelley, Miami, for appellees.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
S & S Air Conditioning and Janet Williams appeal from an order dismissing with prejudice their fourth amended complaint for damages upon a claim of fraudulent misrepresentation. We affirm in part and reverse in part.
Joseph Freire, an insurance agent allegedly employed by Dardick General Agency, proposed a Durham Insurance Company health plan to S & S. At Freire's direction, S & S and its employees, including Janet Williams, submitted applications for insurance. S & S also issued a check for $1,052.05 payable to Comprehensive Benefits Administrators, Inc. (CBAI), as a binder for a Durham policy. Freire allegedly represented to S & S that its employees had full group coverage as of May 1, 1987. On May 1, 1987, Janet Williams' son was injured and incurred medical expenses. Williams demanded payment from CBAI, but CBAI returned the premium check and informed S & S that coverage was non-existent. S & S and Janet Williams brought an action against Freire, Dardick General Agency, and Dardick's employer, Washington National Insurance Company, alleging that Freire as agent for Dardick and Washington National fraudulently misrepresented to S & S that coverage would be bound on May 1, 1987. The trial court, after several dismissals with leave to amend, dismissed plaintiffs' fourth amended complaint with prejudice for failure to state a cause of action.
Finding that S & S and Janet Williams stated a cause of action for fraud against Freire and Dardick, we reverse that portion of the trial court's order dismissing the complaint. However, because *388 the allegations in the complaint failed to connect Washington National to the alleged misrepresentations, we affirm the dismissal as to Washington.
To state a valid cause of action for fraudulent misrepresentation, the complaint must allege the following elements: "(a) the misrepresentation of a material fact [by the defendants] ...; (b) that the defendants knew the falsity of the representation; (c) that the defendants made the representation intending that plaintiffs would rely on it ...; (d) that the plaintiffs did rely on the representation ...; and (e) that the plaintiffs' reliance caused damage." Assad v. Mendell, 511 So.2d 682, 683 (Fla. 3d DCA 1987) (citations omitted). Plaintiffs' fourth amended complaint stated with sufficient particularity all of the elements necessary to state a cause of action for fraudulent misrepresentation.
Freire and Dardick contend that the recitals found in the applications for insurance presented to S & S vitiate the allegations of agency and reasonable reliance on Freire's representations that coverage was bound on May 1, 1987, and defeat their cause of action for fraud. Specifically, defendants argue that the CBAI application for Durham coverage signed and agreed to by plaintiffs established that Freire acted as an agent for the insured, that Freire had no right to bind coverage, and that insurance would not be effective until Durham or CBAI approved the application.
The terms of the written application do not preclude an action against the insurer and its agent where the agent misrepresents the coverage of the insurance contract and the insured reasonably relies thereupon to his detriment. See Babcock v. United Servs. Automobile Ass'n, 501 So.2d 679, 681 (Fla. 3d DCA 1987) ("For appellants to prevail on their claim, they had to demonstrate that [insured] made a valid request or application for full coverage ... and that, despite the fact that the written contract did not so reflect, [insurer] agreed to provide full coverage"); Peninsular Life Ins. Co. v. Wade, 425 So.2d 1181, 1184 (Fla. 2d DCA 1983) (Because of insured's reliance on explicit misrepresentations made by insurer's agent and employee, insurer was estopped to deny full coverage notwithstanding clear and unambiguous policy provisions limiting such coverage). Here S & S sufficiently pled that Freire as agent[1] for Dardick made knowing misrepresentations of material fact and that these misrepresentations were reasonably relied upon[2] to the detriment of S & S and Janet Williams. These allegations are sufficient to state a cause of action for which relief could be granted against both Freire[3] and Dardick, his employer. Therefore, the trial court erred in dismissing the complaint as to these defendants.
We reject S & S's contention that the trial court erred in dismissing its complaint against Washington National. There were no allegations connecting Washington with Freire's misrepresentations. Although Washington National appointed Dardick General Agency as its Florida agent, it had no authority over, or connection with, Freire, and we, therefore, affirm that portion of the trial court's order dismissing with prejudice the cause against Washington National.
Accordingly, the order dismissing S & S and Janet Williams's fourth amended complaint against Washington is affirmed, but the dismissal as against Freire and Dardick is reversed and the cause is remanded for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] The existence of an agency relationship is a question of fact. Scott v. Sun Bank of Volusia County, 408 So.2d 591, 593 (Fla. 5th DCA 1981).
[2] Whether there was reliance on the misrepresentations is a question of fact. Pinzl v. Lapointe, 426 So.2d 65 (Fla. 5th DCA 1983).
[3] An agent acting in the course of his employment is individually liable for fraudulent representations. Shee-Con, Inc. v. Al Seim Appraisal Serv., Inc., 427 So.2d 311, 312 (Fla. 5th DCA 1983) (citations omitted).