718 So.2d 199 (1998)
Burton MOSS, individually and Associated Benefit Consultants, Inc., Appellants,
v.
Stuart APPEL and Benita Appel, as Trustees, Stuart Appel Brokerage, Inc., Defined Benefit Pension Plan, Appellees.
No. 97-1845.
District Court of Appeal of Florida, Fourth District.
July 15, 1998.
Rehearing Denied August 26, 1998.
*200 Hinda Klein of Conroy, Simberg & Ganon, P.A., Hollywood, for appellants.
Andrew C. Hall, Christopher M. David and Adam S. Hall of Andrew Hall and Associates, P.A., Miami, for appellees.
KLEIN, Judge.
Defendants, pension consultants who were licensed to sell insurance, sold plaintiffs an annuity issued by an insurance company which ultimately became insolvent. A jury found defendants not guilty of negligence or breach of fiduciary duty, and the trial court granted a new trial on all issues, concluding that he had erred in not directing a verdict on the issue of a fiduciary relationship. We affirm the order granting a new trial on breach of fiduciary duty, but reverse as to the negligence claim.
Plaintiffs, who operated their own business, were introduced to defendants in 1985 for advice on starting a pension plan. Defendants prepared two proposals, one of which used an annuity. At defendants' recommendation the plaintiffs purchased an annuity through the defendants issued by Inter-American Insurance Company. The plan also contained other assets. At the end of each financial year, defendants would prepare the annual financial reports and tax returns for the plan which required valuations for the annuity and other assets.
In 1991 defendants, who still had a consulting relationship with the plaintiffs, and were helping them with an IRS audit of their pension plan, received a letter from Inter-American indicating that it was attempting to obtain an infusion of capital "so that the reserves held by the company would be adequate to meet the anticipated future benefits of all policy holders." This letter was, according to plaintiffs' expert, a "red flag" indicating that Inter-American was in trouble. According to plaintiffs' expert, defendants should have informed the plaintiffs about this, because at that time they could have surrendered the annuity at a cost of only twelve percent of their contribution. Inter-American subsequently went under, and the plaintiffs lost their investment.
*201 Plaintiffs brought this suit on two theories of liability, breach of fiduciary duty and negligence. After the jury returned a verdict in favor of the defendants, the trial court granted a new trial, concluding that he erred in not granting plaintiffs' motion for directed verdict on the issue of whether a fiduciary duty existed. He stated in his order that the jury should have been instructed that defendants had a fiduciary duty, and then went on to add that "the verdict is clearly against the manifest weight of the evidence and as a result a new trial on all issues is required."
Before we proceed to the merits of the order, we must determine the standard of review. Trial courts are accorded broad discretion when they grant new trials because the verdict is contrary to the manifest weight of the evidence. Cassat Ave. Mobile Homes, Inc. v. Bobenhausen, 363 So.2d 1065 (Fla.1978). When a trial court grants a new trial on the ground that the verdict is contrary to the manifest weight of the evidence, it is not enough, however, to simply make that statement. Trial courts are required to give more specific reasons as to why the verdict is contrary to the manifest weight of the evidence. Cox v. American Pioneer Life Ins. Co., 626 So.2d 243 (Fla. 5th DCA 1993) and cases cited therein. The court did not give more specific reasons, and accordingly we are not considering the merits of that ground.[1]
When a trial court grants a new trial on a legal issue, the standard of review is not the same as it is when the ground is manifest weight of the evidence. "The closer an issue comes to being purely legal in nature, the less discretion a trial court enjoys in ruling on a new trial motion." Office Depot, Inc. v. Miller, 584 So.2d 587, 589 (Fla. 4th DCA 1991).
Proceeding to the substantive issue, which is purely legal, we agree with the trial court that it erred in not directing a verdict on the issue of fiduciary relationship. It is undisputed that Moss was acting as an insurance broker, not an insurance agent employed by a particular company, when he sold the plaintiffs the annuity. As the second district explained in RLI Insurance Co. v. Collado, 678 So.2d 1313, 1316 (Fla. 2d DCA 1996), rev. granted, 691 So.2d 1079 (Fla.1997):
An "insurance broker" is one who acts as middleman between the insured and the insurer, and who solicits insurance from the public under no employment from any special company, and who, upon securing an order, places it with a company selected by the insured, or, in the absence of such a selection, with a company selected by himself; whereas an "insurance agent" is one who represents an insurer under an employment by it.
An insurance broker is in a fiduciary relationship with an insured. Beardmore v. Abbott, 218 So.2d 807 (Fla. 3d DCA 1969), and Randolph v. Mitchell, 677 So.2d 976 (Fla. 5th DCA 1996). The Randolph court quoted from Kanter v. Deitelbaum, 271 Ill. App.3d 750, 755, 208 Ill.Dec. 215, 218, 648 N.E.2d 1137, 1139-40 (1995) as follows:
[A]n insurance broker, admittedly having a fiduciary duty to an insured, is in no different position than an attorney or an accountant in relationship to plaintiffs.
We conclude that the appellants were in a fiduciary relationship with the appellees from the inception of their relationship through 1991 and 1992, when they received information about the financial problems of Inter-American. This relationship arose both from the sale of the annuity and the consulting relationship. We therefore affirm the order granting the new trial on the breach of fiduciary duty claim.
We agree with the appellants that the trial court erred in granting a new trial on the negligence claim. First, there was no error involving the negligence claim. Second, now that we know that there was a fiduciary relationship as a matter of law, there is no reason for a jury to consider the negligence claim. If the jury finds that the fiduciary duty was breached, there will be no reason for it to reach the negligence claim because the damages in this case would be the same. *202 If the jury finds that the defendants did not breach a fiduciary duty, which is higher than the duty in a negligence case, it could not consistently find negligence. We therefore limit the new trial to breach of fiduciary duty.
Affirmed in part, and reversed in part.
GROSS, J. and BROWNELL, SCOTT M., Associate Judge, concur.
NOTES
[1] If manifest weight of the evidence had been the only ground, we would have relinquished jurisdiction pursuant to Florida Rule of Civil Procedure 1.530(f), so that the trial court could have complied with the requirements of Cox and the cases cited therein.