28 September 1999

No. 2--98--1155 

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

CINCINNATI INSURANCE COMPANY, ) Appeal from the Circuit Court

) of Du Page County. )

Plaintiff, ) 

)

v. )

)

JIM GUCCIONE, d/b/a Du Page ) 

Carpet, )

  ) No. 97--AR--343

Defendant and Third Party  ) 

Plaintiff-Appellant,  ) 

  )

  )

  )

CHRISTOPHER L. DeCAIGNY,  )

  ) Honorable

Third Party Defendant-  ) Edmund P. Bart,

Appellee.  ) Judge, Presiding.

_________________________________________________________________

JUSTICE COLWELL delivered the opinion of the court:

Defendant and third party plaintiff, Jim Guccione, d/b/a Du Page Carpet, appeals the trial court's grant of summary judgment in favor of third party defendant, Christopher L. DeCaigny.  He argues that (1) the existence of genuine issues of material fact precluded the grant of summary judgment; and (2) DeCaigny's motion for summary judgment was untimely according to local court rule and should not have been considered.  We reverse the trial court's judgment and remand the cause for further proceedings.

Plaintiff, Cincinnati Insurance Company (CIC), alleged the following in its amended complaint against Guccione.  CIC provided workers' compensation and employers' liability insurance to Guccione's business for two one-year terms.  For the first term, Guccione paid a “deposit premium” of $850 but failed to pay an additional premium, as determined by an audit, of $12,503.  For the second term, Guccione paid a deposit premium of $850 and owed an additional premium of $10,747.  Therefore, CIC sought the recovery of $23,250.

Guccione filed a third party complaint against DeCaigny.  In count I, he alleged that DeCaigny, an insurance agent, informed Guccione of the nature and cost of various workers' compensation insurance policies.  He told Guccione that the cost of the policy at issue here was “modest” and would approximate an “initial premium” paid upon application.  Relying upon those statements, Guccione applied for the policy and paid an initial premium.  In fact, however, the policy was far more expensive than DeCaigny had predicted, and it was not appropriate for Guccione's needs.  Guccione alleged that DeCaigny breached his obligation to provide the coverage that Guccione requested at the price that he was promised, causing Guccione to suffer damages in the amount of $22,500.

Guccione incorporated the same allegations in counts II and III.  In count II, he sought recovery on the theory that DeCaigny was negligent in the statements and conduct by which he procured Guccione's policy.  In count III, he alleged that DeCaigny committed common-law fraud by making statements that he knew to be false with the intent to mislead Guccione into purchasing the policy.

Guccione attached to his complaint a copy of the policy at issue.  According to its terms, the insured must pay an “estimated premium” at the beginning of the covered period.  After the period ends, CIC performs an audit to determine the “final premium.”  If the final premium is greater than the estimated premium, the insured is liable for the difference.  The record confirms that Guccione's estimated premium was $850 for each one-year term.

Pursuant to section 2--615 of the Code of Civil Procedure (Code) (735 ILCS 5/2--615 (West 1998)), DeCaigny moved to dismiss Guccione's complaint.  The court denied that motion.  DeCaigny then answered the complaint, acknowledging that he was a licensed insurance producer but stating that he properly procured the policy in dispute.  He denied all of Guccione's material allegations.  As an affirmative defense, DeCaigny alleged that Guccione's own misstatements in his application for the policy caused the variance between the estimated and the actual premiums.  The case was set for trial before a jury.

Pursuant to section 2--1005 of the Code (735 ILCS 5/2--1005 (West 1998)), DeCaigny moved for summary judgment against Guccione.  He alleged that the following facts were undisputed and required the grant of summary judgment.  Guccione asked DeCaigny to procure workers' compensation and employers' liability insurance.  DeCaigny did so, and Guccione paid his initial estimated premium.  Guccione received a copy of the policy but did not read it, and he therefore did not learn that the actual premium would be determined later by an audit.  DeCaigny concluded that he discharged his duty to Guccione when he procured the coverage that Guccione requested.  Guccione's claimed damages were the result of his own ignorance of his potential liability, which in turn was caused by his failure to discharge his duty to read his policy.  Attached to the motion as exhibits were various insurance documents and transcripts of the parties' depositions.

We granted Guccione's motion to supplement the record on appeal with his response to DeCaigny's motion for summary judgment.  In that response, Guccione admitted that he did not read the policy.  However, he relied upon DeCaigny's statement that the total cost of the insurance would be “approximately $750.”  This statement, made without any explanation of the potential for a dramatic increase upon the performance of an audit, constituted a breach of a fiduciary duty that DeCaigny was bound to perform.  Guccione further claimed, as he did in his complaint, that DeCaigny did not procure the coverage that he requested.  Additional transcripts of depositions were attached as exhibits.

In his reply, DeCaigny alleged that he informed Guccione that the final premium would approximate the estimated premium only if he did not employ uninsured workers.  Guccione did employ such workers, however, and his final premium was substantially higher as a result.  Again, supporting transcripts of depositions were attached.

The trial court granted DeCaigny's motion for summary judgment on all counts of Guccione's complaint.  The court found no just reason to delay the enforcement or appeal of its order (155 Ill. 2d R. 304(a)).  Guccione timely appealed.

Initially, we note that Guccione failed to cite authority in his brief, in violation of Supreme Court Rule 341(e)(7) (177 Ill. 2d R. 341(e)(7)).  We may dismiss an appeal when the appellant's brief fails to comply with applicable rules.  
In re A.H.
, 215 Ill. App. 3d 522, 529 (1991).  However, the decision whether to do so is within this court's discretion.  
Geers v. Brichta
, 248 Ill. App. 3d 398, 400 (1993).  Because of the drastic nature of summary judgment, we admonish Guccione for his violation but will reach the merits of his appeal.

Guccione first argues that the record does not support the entry of summary judgment.  Summary judgment is properly granted if the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there exists no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  735 ILCS 5/2--1005(c) (West 1998); 
Zekman v. Direct American Marketers, Inc.
, 182 Ill. 2d 359, 374 (1998).  Summary judgment is a drastic and extraordinary remedy that may be granted only when the movant's right is absolutely clear.  
Green v. International Insurance Co.
, 238 Ill. App. 3d 929, 933 (1992).  Our review of an order granting summary judgment is 
de novo
.  
Zekman
, 182 Ill. 2d at 374.

Specifically, Guccione contends that material factual disputes exist as to what DeCaigny told him about the nature and cost of the policy at issue; whether that information was misleading and/or fraudulent; and whether the conveyance of such information constituted a breach of a duty that DeCaigny owed to Guccione.  We agree.

In his deposition, Guccione stated that, during his first conversation with DeCaigny, the following exchange occurred: “And I said, 'What's this thing going to cost me?'  He said, 'Well, roughly it will cost you about $750.'  I said, 'Fine.' “  Later, he interpreted this conversation as follows: “What I understood was, I asked him how much it was going to cost me for this Worker's Comp. that I needed.  And I was told $750.  And I thought that's all there was to it.”

During DeCaigny's deposition, he gave this account of his initial conversations with Guccione:

“Q. Were you aware at that point [that] there would be an audit conducted, [and that] he would be given what might be a sizable bill?

Yes.

Did you explain that to him?

If he had payroll, yes.

You told him he might get a sizeable bill?

No.  I told him there would be an audit.

***

Q.   At any time, did you tell him that there would be or could be a dramatic increase in the premium as a result of an audit?

No.

***

[D]idn't you tell him that you could simply get a policy for $750 and that's all it would cost him?

As long as there was no payroll and that he gets certificates from his subcontractors, yes.

***

You didn't just assert that or tell him it would only cost him $750 and it wouldn't cost any more?

No, because every Work Comp policy is auditable and the premium is based on the payrolls provided by the clients.”

This deposition testimony demonstrates that an obvious factual dispute exists.  Guccione claims that DeCaigny told him that the policy would cost a total of approximately $750, or roughly the amount of the estimated premium.  DeCaigny, meanwhile, asserts that he said that the final premium would approximate the estimate only under certain conditions.

However, as to counts I and II of Guccione's complaint, DeCaigny seems to argue that this is not an issue of 
material
 fact.  He contends that, when he procured workers' compensation insurance upon Guccione's request for such coverage, he discharged his only duty to Guccione.  It then became Guccione's responsibility to read and understand the policy, including its provisions about the calculation of premiums.  Guccione admittedly failed to do so.  Therefore, DeCaigny concludes, he may not be held liable to Guccione.

DeCaigny grossly understates the nature of the duty that he owed to Guccione.  As he acknowledged in his deposition, DeCaigny was Guccione's insurance broker.  It is true that, as a general rule, an insurance broker is bound to exercise only reasonable skill and diligence in the transaction of the business entrusted to him.  
Economy Fire & Casualty Co. v. Bassett
, 170 Ill. App. 3d 765, 772 (1988).  However, the relationship between an insured and his broker is fiduciary.  
Economy
, 170 Ill. App. 3d at 772.  As such, the broker must inform the insured of all material facts within the broker's knowledge that may affect the transaction or the subject matter of the relationship.  More significantly, the broker must not mislead the insured.  
Lake County Grading Co. of Libertyville, Inc. v. Great Lakes Agency, Inc.
, 226 Ill. App. 3d 697, 703 (1992).

If the broker breaches his fiduciary duty, he is liable to the insured for any resulting damages.  
Economy
, 170 Ill. App. 3d at 772.

Here, the record reveals the existence of a very material factual issue: whether DeCaigny breached his fiduciary duty by misleading Guccione about the nature and potential cost of his policy.  Therefore, summary judgment was improperly granted on counts I and II of Guccione's complaint.

DeCaigny repeatedly emphasizes the undisputed fact that Guccione failed to read the policy.  However, although an insured has a duty to do so, his failure to read his contract is not an absolute bar to his right to recover against his broker for a breach of fiduciary duty.  
Perelman v. Fisher
, 298 Ill. App. 3d 1007, 1012 (1998).

Furthermore, Guccione's reading of the policy would have clarified only the fact that an audit would determine any difference between the estimated premium and the actual premium.  The policy says nothing about the possibility that, under certain circumstances, the actual premium may be more than 15 times the “estimate.”  If DeCaigny told Guccione that the total cost of the policy would be approximately $750, the express language of the policy itself did not dispute him.  Therefore, despite his failure to read the policy, Guccione presented sufficient evidence to support the elements of his claim that DeCaigny breached his fiduciary duty, and he met his burden to prevent the entry of summary judgment.  See 
Makowski v. City of Naperville
, 249 Ill. App. 3d 110, 119 (1993).

In count III of his complaint, Guccione set out a claim of common-law fraud.  DeCaigny argues that the record contains no evidence of the elements of this claim.  These elements are: (1) a false statement of material fact; (2) knowledge of or belief in the falsity by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance.  
People ex rel. Hartigan v. E&E Hauling, Inc.
, 153 Ill. 2d 473, 490 (1992).  We conclude that genuine issues of material fact exist as to all of these elements.

In his deposition, Guccione claimed that DeCaigny falsely characterized the price of the policy; clearly, this would be a false statement of material fact.  DeCaigny's testimony included a statement acknowledging that he knew that the actual premium could be significantly greater than the estimate.  This statement would demonstrate knowledge of the falsity of the alleged characterization.  Guccione further claimed that he relied upon DeCaigny's representation of the price in deciding to purchase the policy and that he was damaged as a result.

DeCaigny argues, however, that he is entitled to summary judgment because Guccione has proffered no evidence of fraudulent intent.  DeCaigny misconstrues Guccione's burden.  Although a party may have no direct evidence of fraudulent intent, circumstantial evidence may give rise to an inference of it.  
Lane v. Fabert
, 178 Ill. App. 3d 698, 705 (1989).  If a reasonable person could draw such an inference, a triable issue exists.  As a result, summary judgment is particularly inappropriate where, as here, the motive, intent, or subjective feelings of the parties are at issue.  
Quality Lighting, Inc. v. Benjamin
, 227 Ill. App. 3d 880, 884 (1992).

If the jury believes Guccione's allegations, it could reasonably infer that DeCaigny acted with fraudulent intent.  Therefore, DeCaigny is not entitled to judgment as a matter of law, and we reverse the trial court's grant of summary judgment on count III.

Having disposed of Guccione's first argument as we have, we need not address his argument that DeCaigny's motion for summary judgment was untimely according to local court rule.

For these reasons, we reverse the trial court's grant of summary judgment on counts I, II, and III of Guccione's third party complaint, and we remand the cause for further proceedings.

Reversed and remanded.

BOWMAN, P.J., and THOMAS, J., concur.