**SOUTHTRUST BANK and Right Equipment Company of Pinellas County, Inc. Plaintiffs,**

v.

**EXPORT INSURANCE SERVICES, INC., a Georgia corporation and Export–Import Bank of the United States, an agency of the United States Government, Defendants.**

No. 8:01–CV–742–T–17MSS.

United States District Court, M.D. Florida, Tampa Division.

Feb. 19, 2002.

Robert L. Rocke, Jon P. Tasso, Fley & Lardner, Tampa, FL, for Plaintiffs.

Leslie III, Joughin, Wesley D. Tibbales, Akerman, Senterfitt & Eidson, P.A., Tampa, FL, Roberta M.Klosiewicz, Patricia Kerwin, Warren A. Zimmerman, U.S. Atty's Office, Tampa, FL, Bill Mays, Law Office of Bill mys, Washington, DC, for Defendants.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause comes before the Court on the Defendant, Export Insurance Service, Inc.'s (hereafter EIS) Motion to Dismiss Counts II, III, IV, and V of Plaintiffs' Amended Complaint, concerning claims for breach of contract, breach of fiduciary duty, negligence, and estoppel respectively. [Docket No. 30]. Plaintiffs subsequently filed a responsive memorandum thereto. [Docket No. 33].

### STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests a complaint's adequacy to determine whether it sets forth sufficient allegations to establish a claim for relief. A district court should not dismiss a complaint for failure to state a claim solely on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Moreover, when deciding a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the truthfulness of well-pleaded facts. See *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); See also: *Beck v. Deloitte et al.,* 144 F.3d 732, 735–36 (11th Cir.1998) (quoting *St. Joseph's Hospital, Inc. v. Hospital Corp. of America,* 795 F.2d 948 (11th Cir.1986)).

### BACKGROUND

Plaintiffs, Right Equipment Company of Pinellas County, Inc. (hereafter Right) and Southtrust Bank (hereafter Southtrust), as Right's assignee, seek to recover damages in excess of $75,000.00 from Defendants, Export–Import Bank of the United States (hereafter Export) and EIS, as Export's agent. [Docket No. 23]. The claims in-

volve insurance coverage for overseas freight deliveries. [Docket No. 23].

Plaintiff, Southtrust, originally filed the Complaint in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. [Docket No. 2]. Defendant, Export, filed a Notice of Removal to federal court, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 and the Notice went unchallenged. [Docket No. 1]. After Defendant, Export, filed a Motion to Dismiss, Plaintiff, Southtrust, sought leave to amend its Complaint to add Right as a Plaintiff. [Docket No. 30]. This Court granted Southtrust's Motion and Right was added as a Plaintiff. [Docket No. 20].

Plaintiffs' amended complaint alleges breach of contract and estoppel against Defendant, Export and breach of oral contract, breach of fiduciary duty, negligence, and estoppel against Defendant, EIS. [Docket No. 23]. Defendant, EIS, filed the instant Motion to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6) on the grounds that the Plaintiffs have failed to state a claim upon which relief may be granted. [Docket No. 30]. Accordingly, the instant Motion concerns Plaintiffs' allegations against EIS for breach of oral contract, breach of fiduciary duty, negligence, and estoppel.

Plaintiffs filed a responsive memorandum to EIS' Motion to Dismiss. [Docket No. 33]. Therein, Plaintiffs addressed each of EIS' grounds for dismissal. [Docket No. 33]. At issue is whether Plaintiffs have adequately plead the elements necessary to bring causes of action for breach of oral contract, breach of fiduciary duty, negligence, and estoppel.

### DISCUSSION

**A. Count II—Breach of Oral Contract**

■ "An insurance agent may be held liable for failure to provide insurance coverage pursuant to an oral contract." *Robinson v. John E. Hunt & Assoc., Inc.*, 490 So.2d 1291, 1293 (Fla. 1st DCA 1986); *Monogram Products, Inc. v. Berkowitz*, 392 So.2d 1353 (Fla. 2d DCA 1980); *State Farm Fire & Casualty Co. v. Hicks*, 184 So.2d 685 (Fla. 2d DCA 1966). "[O]ral contracts to procure insurance and oral contracts of insurance" are enforceable as long as the oral contract can be performed within one year, so as not to implicate the Statute of Frauds. *Monogram Products, Inc.*, 392 So.2d at 1355.

■ To establish a cause of action for breach of contract under Florida insurance law, a party must plead the following elements: "the subject-matter; the risk insured against; the amount of insurance; the rate of premium; the duration of the risk; and the identity of the parties." *Collins v. Aetna Insurance Co.*, 103 Fla. 848, 850, 138 So. 369 (Fla.1931) (finding that to prove a claim for breach of oral contract, a party must prove the elements of a written contract for insurance). All of these elements essentially constitute the terms of the agreement, which "may be determined from [the parties] relation to each other [and] their previous business dealings[.]" *Id.*

Plaintiffs have sufficiently plead facts supporting the existence of an oral contract for insurance coverage. Right contacted EIS, as agent for Export, to inform it of insurance needs that Right anticipated for a pending overseas shipment to a Mexican client. [Docket No. 23 ¶ 7]. Right informed EIS that the transaction involved the sale of an injection molding system with various parts, invoiced in the amount of $250,000.00. [Docket No. 23 ¶ 7]. Thereafter, EIS issued Right an offer for insurance coverage, which outlined the remaining terms of the agreement. [Docket No. 23 Ex. A]. The offer outlined the Shipment Volume Limit of $225,000.00, the

Claim Payment Limit of $202,500.00 and the Premium price of $18,750.00 over twelve (12) monthly installments. [Docket No. 23 Ex. A]. The offer also listed a Commitment Effective Date of November 3, 1999, and a Commitment Expiration Date of February 3, 2000. [Docket No. 23 Ex. A]. Finally, the offer represented the parties to the agreement as EIS and Right. [Docket No. 23 Ex. A]. Therefore, Plaintiffs have sufficiently alleged the terms of the oral contract.

▆ "[A]n insurance agent may be held liable for breach of contract for failure to procure insurance coverage even though the agency has received no premium from the applicant. The applicant's agreement to accept a policy if issued is sufficient consideration for the contract since it carries with it the implied promise to pay whatever premium would be due thereon." *Robinson*, 490 So.2d at 1293; *Duncanson v. Service First, Inc.*, 157 So.2d 696 (Fla. 3d DCA 1963); *First National Insurance Agency, Inc. v. Leesburg Transfer & Storage, Inc.*, 139 So.2d 476 (Fla. 2d DCA 1962). Satisfied by the terms outlined in EIS' offer, Right called EIS to verify coverage, whereupon, two (2) of EIS' employees assured Right that any shipments between November 3, 1999, and February 3, 2000, would be covered. [Docket No. 23 ¶ 9]. Thereafter, Right commenced two overseas shipments, which constitute Right's agreement to accept the policy. [Docket No. 23 ¶ 10, 11]. While Right did not pay the insurance premium until after its first overseas shipment, the fact that Right began shipment constitutes its acceptance and implied promise to pay the premium. [Docket No. 23 ¶ 10, 13]; *Robinson*, 490 So.2d at 1293. Therefore, Plaintiffs have sufficiently alleged breach of oral contract.

▆ Plaintiffs have sufficiently plead facts supporting damage as a result of EIS' breach of oral contract. Had Right known that the insurance agreement would not cover the overseas shipments, it would never have shipped the items or paid the policy premium of $6,532.47 to Export, which Export accepted and cashed. [Docket No. 23 ¶ 13, 33, Ex. C]. Moreover, Right commenced the two overseas shipments and Southtrust, as its assignee, did not receive any payment from the purchaser, Export or EIS upon demand. [Docket No. 23 ¶ 10, 11, 17–19]. Therefore, Plaintiffs have sufficiently alleged damage as a result of EIS' breach of oral contract.

Finally, the oral contract between Right and EIS may be enforceable because the Statute of Frauds is not implicated. As evidenced by EIS' offer, the insurance was a "short-term" agreement to extend from November 3, 1999, to February 3, 2000, a period of only three (3) months. [Docket No. 23 Ex. A]. The Statute is not implicated because performance can be accomplished within one year. *Monogram Products, Inc.*, 392 So.2d at 1355. Therefore, Plaintiffs have sufficiently alleged breach of oral contract.

Accordingly, EIS' Motion to Dismiss Count II of Plaintiffs' Amended Complaint is denied.

### B. Count III—Breach of Fiduciary Duty

▆ To establish a cause of action for breach of fiduciary duty under Florida law, a party must plead the existence of a fiduciary relationship and a breach thereof, which results in damage. *Moss v. Appel*, 718 So.2d 199, 201–202 (Fla. 4th DCA 1998).

▆ First, Plaintiffs have sufficiently plead facts supporting the existence of a fiduciary relationship between EIS as insurance broker and Right as insured. An insurance broker has a fiduciary relationship with an insured. *Moss*, 718 So.2d at 201; *Beardmore v. Abbott*, 218 So.2d 807,

808–809 (Fla. 3d DCA 1969) (finding that an insurance counselor has a fiduciary duty to an insured because of the inherent trust and confidence that the insured places in the counselor); *Randolph v. Mitchell,* 677 So.2d 976 (Fla. 5th DCA 1996). EIS is an insurance brokerage specializing in export credit insurance for international trade and finance. [Docket No. 23 ¶ 5]. Hence, EIS is highly experienced in the export insurance industry, and as agent for Defendant, Export, is familiar with and has extensive knowledge of the customary and typical terms for such insurance coverage. [Docket No. 23 ¶ 30]. Right engaged EIS precisely because of its expertise in the area of export insurance. [Docket No. 23 ¶ 30]. The obligations of EIS included the duty to fully and completely explain to Right the material economic or business terms and conditions of the insurance coverage offered by Export. [Docket No. 23 ¶ 31]. Therefore, because of the inherent trust and confidence that Right placed in EIS as insurance broker, Plaintiffs have sufficiently alleged the existence of a fiduciary duty running from EIS to Right as the insured.

■ Second, Plaintiffs have sufficiently plead facts supporting EIS' breach of its fiduciary duty. Because of the fiduciary relationship between an insurance broker and an insured, the "broker must inform the insured of all material facts within the broker's knowledge that may affect the transaction or the subject matter of the relationship. More significantly, the broker must not mislead the insured." *Cincinnati Insurance Co. v. Guccione,* 308 Ill. App.3d 220, 241 Ill.Dec. 658, 719 N.E.2d 787, 791 (3d DCA 1999). While the offer and commitment letters indicated a commitment effective date of November 3, 1999, which differed from the actual policy effective date, EIS failed to clarify the difference between commitment effective date and the effective date of insurance coverage. [Docket No. 23 ¶ 32]. To the contrary, EIS' employees represented to Right that all overseas shipments would be covered during the period between November 3, 1999, and February 3, 2000. [Docket No. 23 ¶ 9]. In light of EIS' superior knowledge in the export insurance industry, it should have communicated its understanding of commitment effective date to Right. [Docket No. 23 ¶ 32]. Hence, Plaintiffs have sufficiently alleged a breach of fiduciary duty by EIS.

Third, Plaintiffs have sufficiently plead facts supporting damage as a result of EIS' breach of fiduciary duty. Had Right known that the insurance agreement would not cover the overseas shipments, it would never have shipped the items or paid the policy premium of $6,532.47 to Export, which Export accepted and cashed. [Docket No. 23 ¶ 13, 33, Ex. C]. Indeed, if EIS had satisfied its fiduciary duty and made appropriate disclosure, Right would have sought to modify the terms and conditions of the applicable insurance coverage before shipment. [Docket No. 23 ¶ 33]. Instead, Right commenced two overseas shipments and Southtrust, as its assignee, did not receive any payment from the purchaser, Export or EIS upon demand. [Docket No. 23 ¶ 10, 11, 17–19]. Therefore, Plaintiffs have sufficiently alleged damage as a result of EIS' breach of fiduciary duty.

Accordingly, EIS' Motion to Dismiss Count III of Plaintiffs' Amended Complaint is **denied.**

**C. Count IV—Negligence**

■ To establish a cause of action for negligence under Florida law, a party must plead the following elements: existence of a legal duty of the defending party to protect the party seeking relief under the circumstances; negligent failure by the defending party to comply with the duty; injury to the party seeking relief as

a result; and damages. *Cintron v. Osmose Wood Preserving, Inc.*, 681 So.2d 859, 861 (Fla. 5th DCA 1996) (citing *Simon v. Tampa Electric Co.*, 202 So.2d 209, 213 (Fla. 2d DCA 1967)).

First, Plaintiffs have sufficiently plead facts supporting the existence of a legal duty running from Defendant, EIS to Plaintiff, Right. An insurance agent has a duty to "use reasonable skill and diligence" when dealing with an insured. *Warehouse Foods, Inc. v. Corporate Risk Management Services, Inc.*, 530 So.2d 422 (Fla. 1st DCA 1988) (citing *Sheridan v. Greenberg*, 391 So.2d 234 (Fla. 3d DCA 1981)); *Caplan v. LaChance*, 219 So.2d 89 (Fla. 3d DCA 1969); See also: *Forgione v. Dennis Pirtle Agency, Inc.*, 701 So.2d 557, 560 (Fla.1997) (finding that an insurance agent must "use reasonable skill and diligence in obtaining coverage for an insured"). EIS held itself out and acted as the agent of Export at all times material to this action. [Docket No. 23 ¶ 5]. Plaintiff, Right, contacted EIS to obtain insurance coverage through Export for an overseas shipment of goods. [Docket No. 23 ¶ 7]. Therefore, EIS, as an insurance agent for Export may have owed Right, the insured, a duty to use reasonable skill and diligence in obtaining coverage. Consequently, Plaintiffs have sufficiently alleged the existence of a legal duty running from Defendant, EIS to Plaintiff, Right.

Second, Plaintiffs have sufficiently plead facts supporting EIS' negligent failure to comply with its duty. An insurance agent's liability "may result from a negligent failure to obtain [insurance] coverage which is specifically requested or clearly warranted by the insured's expressed needs." *Warehouse Foods*, 530 So.2d at 423. This negligent failure on the agent's part is not overcome by the insured's failure to read the underlying documentation. *Blumberg v. American Fire & Casualty Co.*, 51 So.2d 182, 184 (Fla.1951) (determining that often insured may never read insurance policy unless and until a controversy as to coverage arises). Plaintiff, Right, contacted EIS to specifically request insurance coverage for an overseas shipment of goods. [Docket No. 23 ¶ 7]. Defendant, EIS subsequently sent Plaintiff, Right, a summary of an offer for insurance coverage and an insurance commitment with an effective date of November 3, 1999, and an expiration date of February 3, 2000. [Docket No. 23 ¶ 8]. Despite the fact that the offer and commitment letter stated that the policy would not become effective until the insurance premium was paid, EIS' liability is not overcome by Right's failure to read the offer and commitment letter. [Docket No. 23 ¶ Ex. A–C]; *Blumberg*, 51 So.2d at 184. Moreover, before commencing the overseas shipment, Plaintiff, Right, contacted EIS and was told by two (2) of EIS' employees that coverage was in place for shipments between November 3, 1999, and February 3, 2000. [Docket No. 23 ¶ 9]. Thereafter, Right commenced two overseas shipments, one on November 23, 1999, and the other on December 21, 1999. [Docket No. 23 ¶ 10 & 11]. When Plaintiff, Southtrust, as Right's assignee, demanded payment from the overseas purchaser, it failed to pay for either shipment. [Docket No. 23 ¶ 17]. Thereafter, Southtrust, as Right's assignee, filed an insurance claim under its policy with Export; however, Export denied the claim because the shipment dates were not covered. [Docket No. 23 ¶ 18]. Hence, Plaintiffs have sufficiently alleged EIS' negligent failure to obtain insurance coverage that was specifically requested by Right.

Third, Plaintiffs have sufficiently plead facts supporting injury and damage as a result of EIS' negligence. Plaintiff, Southtrust, as Right's assignee, was unable to secure payment from the overseas pur-

chaser. [Docket No. 23 ¶ 17]. Thereafter, Southtrust sought payment under the insurance policy from both EIS and Export, but the requests were denied. [Docket No. 23 ¶ 19]. Thus, Plaintiffs have sufficiently alleged injury and damage as a direct result of EIS' failure to comply with its duty to procure insurance coverage.

Moreover, causes of action for negligence against insurance agents are assignable. *Forgione,* 701 So.2d at 560. Plaintiff, Right, assigned to Plaintiff, Southtrust, its right to any proceeds under the insurance agreement. [Docket No. 23 ¶ 15]. Defendant, Export, acknowledged the assignment of the policy from Right to Southtrust. [Docket No. 23 ¶ 15]. Consequently, Plaintiff, Southtrust has sufficiently alleged a cause of action for negligence against EIS.

Accordingly, EIS' Motion to Dismiss Count IV of Plaintiffs' Amended Complaint is denied.

### D. Count V—Estoppel

■ To establish a cause of action for estoppel under Florida insurance law, a party must plead the following elements: an insurer or its agent misrepresents, even though innocently, the coverage of the insurance contract, or the exclusions therefrom, to an insured before or at the inception of the contract; and the insured reasonably relies thereupon to his ultimate detriment. *Kramer v. United Services Automobile Association,* 436 So.2d 935, 937 (Fla. 4th DCA 1983); *Peninsular Life Insurance Co. v. Wade,* 425 So.2d 1181, 1184 (Fla. 2d DCA 1983) ("finding that because of insured's reliance on explicit misrepresentations made by insurer's agent and employee, insured was estopped to deny full coverage notwithstanding clear and unambiguous policy provisions limiting such coverage."). Moreover, "[t]he terms of the written [insurance] application do not preclude an action against

the insurer and its agent where the agent misrepresents the coverage of the insurance contract and the insured reasonably relies thereupon to his detriment." *S & S Air Conditioning Co. v. Freire,* 555 So.2d 387, 388 (Fla. 3d DCA 1989); *Babcock v. United Servs. Automobile Assoc.,* 501 So.2d 679, 681 (Fla. 3d DCA 1987) (finding that "[f]or appellants to prevail on their claim, they had to demonstrate that [insured] made a valid request or application for full coverage...and that, despite the fact that the written contract did not so reflect, [insurer] agreed to provide full coverage.").

■ First, Plaintiffs have sufficiently plead facts supporting EIS' misrepresentation as to coverage of the insurance policy. Prior to Right's November 23, 1999, and December 21, 1999, overseas shipments, two (2) EIS' employees represented to Right that any shipments between November 3, 1999, and February 3, 2000, would be covered by the insurance. [Docket No. 23 ¶ 9]. Ultimately, Southtrust, as Right's assignee, learned that this representation was false. [Docket No. 23 ¶ 18]. While this misrepresentation occurred before the inception of the actual policy dates as illustrated by Exhibit D, which established an effective date of December 20, 1999, this does not preclude an action for estoppel. [Docket No. 23 ¶ 9, Ex. D]; *Kramer,* 436 So.2d at 937. Hence, Plaintiffs have sufficiently alleged EIS' misrepresentation of Right's insurance coverage.

Second, Plaintiffs have sufficiently plead facts supporting Right's reasonable reliance on Defendant, EIS' misrepresentation to Plaintiffs' ultimate detriment. Right relied on Defendant, Export's offer and commitment letter, which established a coverage effective date of November 3, 1999, and EIS' employees' representations that any shipment between November 3, 1999, and February 3, 2000, would be cov-

ered under the insurance policy. [Docket No. 23 Ex. A, B, ¶ 9]. While the offer and commitment letter stated that the policy would not be effective until the premium was paid, the written terms of the insurance application do not preclude an action for estoppel against the insurer or its agent. [Docket No. 23 Ex. A, B]; *S & S Air Conditioning Co.*, 555 So.2d at 388. Therefore, the written caveats in the offer and commitment letter do not make Right's reliance unreasonable. Following EIS' misrepresentations, Right commenced two overseas shipments to its ultimate detriment. [Docket No. 23 ¶ 10, 11]. After Plaintiff, Southtrust, as Right's assignee, discovered that the overseas purchaser would not pay for the two (2) shipments, Southtrust filed a claim with Export and EIS to collect the insurance proceeds. [Docket No. 23 ¶ 17, 18, 19]. Both EIS and Export denied payment to Southtrust under the insurance policy. [Docket No. 23 ¶ 18, 19]. Consequently, Plaintiffs have sufficiently alleged Right's reasonable reliance on EIS' misrepresentations to Right's ultimate detriment.

Accordingly, EIS' Motion to Dismiss Count V of Plaintiffs' Amended Complaint is denied.

### CONCLUSION

In viewing the facts in a light most favorable to Plaintiffs, Right and Southtrust, as the non-moving parties, this Court finds that Plaintiffs have sufficiently plead facts supporting all causes of action alleged against Defendant, EIS. Accordingly, it is

**ORDERED** that the Motion to Dismiss [Docket No. 30] be **denied** and the Defendant, EIS, shall have ten (10) days from

this date to answer Plaintiffs' Amended Complaint [Docket No. 23].