MARIE A. PILAT, Plaintiff-Appellant, v. THOMAS F. LOIZZO, Defendant-Appellee.

Second District No. 2—05—0080

Opinion filed September 21, 2005.

Wesley R. Pribla, of Woodstock, for appellant.

Thomas F. Loizzo and Dane J. Loizzo, of Loizzo & Loizzo, of Woodstock, for appellee.

JUSTICE KAPALA delivered the opinion of the court:

Plaintiff, Marie A. Pilat, appeals the trial court's dismissal of her third amended complaint against defendant, Thomas F. Loizzo. She contends that the court erred in (1) ruling that the third amended complaint failed to state a claim of breach of contract; and (2) dismissing that complaint with prejudice. However, her contentions are waived and, in any event, without merit. Thus, we affirm.

Unfortunately, plaintiff's waiver is a result of an astonishing lack of effort by her attorney. It is well settled that this court is not "a depository in which the appealing party may dump the burden of argument." *Pecora v. Szabo*, 109 Ill. App. 3d 824, 826 (1982). Rather, the appellant must argue the points that he or she raises, or they are waived. 210 Ill. 2d R. 341(e)(7). A mere conclusory assertion, without supporting analysis, is not enough. *Chicago School Reform Board of Trustees v. Illinois Educational Labor Relations Board*, 315 Ill. App. 3d 522, 532 (2000).

Here, plaintiff's attorney has submitted a brief devoid of argument. To support his assertion that the third amended complaint stated a claim of breach of contract, he begins by setting out the necessary elements of the claim. Then, however, he simply concludes: "In the matter at hand, the Third Amended Complaint contained sufficient allegations to carry the burden required." He leaves it to us to determine how.

Next, to support his assertion that the trial court erred in dismissing the third amended complaint with prejudice, counsel begins with three statements of the law, which are nearly alike, that pertain to

dismissals. Then, purporting to apply that law to the present case, he submits only this: "While it remains Plaintiff's position that the Third Amended Complaint stated a cause of action for breach of contract, Plaintiff could have, in the alternative, based upon the facts presented, plead [*sic*] unjust enrichment or accounting, an action seeking rescision [*sic*] of the contract and restitution of money paid." He does not see fit to explain why any of these claims would have been valid, or why the trial court should have given him a fifth opportunity to raise them.

In sum, beyond its general statements of law, the substance of plaintiff's brief consists of two conclusory sentences. We are at a loss as to how counsel could think that this effort would persuade us to reverse the trial court's judgment. He has obviously waived his contentions, but he has done more than that. He has performed a disservice to plaintiff.

Our common practice is to admonish attorneys for their conduct but to nevertheless address the merits of their appeals. See, *e.g.*, *Stewart v. Jones*, 318 Ill. App. 3d 552, 557 (2001); *Cincinnati Insurance Co. v. Guccione*, 308 Ill. App. 3d 220, 223 (1999). It is important, however, that they understand precisely why we do this. We do so not to relieve them of their deficiency, and certainly not to encourage them to repeat it. Instead, we do so simply to minimize the degree to which their conduct prejudices their clients. Plaintiff is not directly responsible for her attorney's actions. Thus, to the extent possible, she should have her day in this court, even though her counsel has done virtually nothing to obtain it. For that reason alone, we will briefly address the merits of plaintiff's contentions.

Unfortunately for plaintiff, those contentions are without merit. She first asserts that the third amended complaint stated a claim of breach of contract. Our review is *de novo*. *Hoopingarner v. Stenzel*, 329 Ill. App. 3d 271, 277 (2002). As her brief notes, the first element of a claim of breach of contract is the existence of a valid and enforceable contract. *Zirp-Burnham, LLC v. E. Terrell Associates, Inc.*, 356 Ill. App. 3d 590, 600 (2005). However, in the third amended complaint, plaintiff's appellate counsel, who was also trial counsel, alleged that defendant "was incapable of entering into a contract with Plaintiff." Thus, instead of alleging a valid and enforceable contract, plaintiff's attorney alleged just the opposite. See *Local 165, International Brotherhood of Electrical Workers, AFL-CIO v. Bradley*, 149 Ill. App. 3d 193, 213 (1986) ("incapacity to contract *** is a defense to [a] breach of contract action"). As a result, the trial court properly determined that the third amended complaint failed to state a claim of breach of contract.

Plaintiff next contends that the trial court erred in dismissing the third amended complaint with prejudice. We will not disturb the court's ruling unless the court abused its discretion. *Hull v. Southern Illinois Hospital Services*, 356 Ill. App. 3d 300, 305 (2005). After dismissing the second amended complaint, the court told counsel that the third amended complaint (the fourth overall) would be his "final opportunity." If he had alternative claims to raise, he should have raised them then. He failed to do so, and we cannot say that the court abused its discretion in keeping its word. See *Schiller v. Mitchell*, 357 Ill. App. 3d 435, 453 (2005) ("the trial court gave plaintiffs three chances to plead a viable cause of action ***, which we consider ample opportunity").

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

O'MALLEY, P.J., and CALLUM, J., concur.